## JUAN DELGADO V. THE STATE.

*No. 602.    Decided March 2.*

1. **Murder—Intoxication—Charge of Court.**—On a trial for murder, where the defendant had testified, that "he was very drunk; that he did not know what he was doing;" and the court charged the jury, that "intoxication produced by the voluntary recent use of spirits constitutes no excuse for the commission of crime. However, you may take into consideration the mental condition of defendant for the purpose of determining the degree of murder, if you should find him guilty of murder." *Held*, that the charge was more favorable to defendant than the law accords to mere drunkenness not amounting to temporary insanity. Penal Code, art. 40a.

2. **Same—Imperfect Self-Defense—Manslaughter—Instructions Given.**— Where, on a trial for murder, it was insisted that error was committed by the court in failing to charge upon imperfect self-defense with reference to manslaughter, *Held*, defendant has no ground of complaint, it appearing that this phase of the objection was fully covered by an elaborate and proper charge on manslaughter prepared by defendant's counsel, and given at his special request; and furthermore, the court gave the defendant the benefit of a charge on the absolute right to self-defense, regardless of who made the first assault.

3. **Murder of the First Degree—Fact Case—Evidence Sufficient.**—See facts stated in the opinion which are held to be sufficient to support a verdict and judgment for murder of the first degree, with the penalty assessed at a life term in the penitentiary.

APPEAL from the District Court of Webb. Tried below before the Hon. A. L. McLANE.

This appeal is from a conviction for murder of the first degree, with the punishment assessed at a life term in the penitentiary.

The salient features of the evidence are concisely but sufficiently stated in the court's opinion.

*A. R. Garcia, A. C. Hamilton, A. H. McLane, R. L. Randall,* and *George B. Hufford,* for appellant, filed an interesting and able brief.

*R. L. Henry,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried in the District Court of Webb County on an indictment charging him with the murder of one Rosalio Perez. He was convicted of murder in the first degree, and his punishment assessed at a life term in the penitentiary, and from the judgment of the court below he prosecutes this appeal.

The appellant contends that the court below, in its charge to the jury, should have charged on temporary insanity in connection with the charge on drunkenness. The evidence in this regard showed, that the killing occurred about 3 or 4 o'clock in the evening; that the defendant and deceased, with another Mexican, Frederico Rosalio, went to the city of Laredo, not far from where they lived, on the morning of the day of the homicide; that they began drinking on their arrival, and continued all the evening and up to the time of the killing; that they each drank about fifteen drinks of mescal and pulque. The witness Frederico Rosalio says they were all pretty drunk. Defendant testified, that he was very drunk; that he was so drunk that he did not know what he was doing. This was substantially all the testimony relating to the intoxicated condition of defendant. Aside from this, the evidence detailing the events of the day up to the time of the homicide shows nothing unusual in the conduct of defendant different from ordinary men somewhat under the influence of liquor, and the testimony of defendant himself is very clear and distinct as to all the events of the day, including the homicide, and fails to show any acts or course of conduct that would indicate that he was laboring under a state of temporary insanity. On this subject the court charged the jury as follows: "Intoxication produced by the voluntary recent use of spirits constitutes no excuse for the commission of crime, nor does it mitigate the degree or penalty of crime. However, you may take into consideration the mental condition of defendant, for the purpose of determining the degree of murder, if you should find he is guilty of murder." The defendant excepted to the charge, and also asked a charge, which was refused, on temporary insanity produced by the recent use of intoxicating liquors, and in said charge temporary insanity is defined as a state of drunkenness carried to such a degree that the person becomes incapable of knowing that the act he is doing is wrong and criminal, and that the state of mind shall be considered by the jury in fixing the degree of murder, in case they find defendant

guilty of murder. It will be observed from the charge of the court, given as above quoted, that he gave defendant the same benefit or advantage, under a state of drunkenness merely, as was claimed by him in case that drunkenness should have proceeded to a state of temporary insanity. This, it seems to us, was responsive to the facts of the case, and gave defendant a greater advantage than is accorded by the law on the subject. Of course, if the facts had warranted a charge on temporary insanity, such a charge should have been given as that asked by defendant. Evers v. The State, 31 Texas Crim. Rep., 318. But as stated before, we do not believe the proof required such a charge, and the fact that the court gave defendant the same advantage, where the evidence only showed a state of drunkenness short of temporary insanity, certainly was all that defendant could claim, and he will hardly be heard to insist that the court was more liberal in this respect than it ought to have been.

The defendant also insists, that the court committed an error in failing to charge on imperfect self-defense; the theory of the defendant being, that he and the deceased left the house at which they were shortly before the homicide, for the purpose of engaging in a fist fight merely, and that after they got outside both the deceased and Frederico Rosalio jumped on him and made a violent assault on him with bricks and stones, and that after such assault, and from the violence thereof, his mind became excited, and he then formed the intent to kill the deceased, and that he then drew his pistol and shot him. As insisted on by defendant, this imperfect right of self-defense would have reduced the homicide to the grade of manslaughter. But it is a sufficient answer to defendant's proposition to state, that the court gave an elaborate and proper charge on the subject of manslaughter, which was prepared and presented to the court by defendant's counsel. This charge covered the ground of defendant's contention, and was sufficient. In addition to this, the court gave a charge on self-defense which gave the defendant the absolute right to defend himself, regardless of who made the first assault. The court told the jury: "If they believed defendant killed the deceased, but at the time of so doing the deceased and another had made an attack on him, which, from the manner and character of it, and the relative strength of the parties, and the defendant's knowledge of the character and disposition of those attacking, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that, acting under such apprehension, the defendant killed the deceased, they should acquit him." Under this charge, if the jury believed the testimony of defendant, as they were at liberty to do, they were authorized to give defendant a complete acquittal.

The jury found the defendant guilty of murder in the first degree in this case, and it is urged by defendant that there is not sufficient evidence to justify the verdict. We have examined the record carefully, and in our opinion the testimony justifies the verdict. The

defendant and deceased, it appears, had an altercation on the night before the homicide, at the house of the defendant, and it seems that the defendant then got his pistol, but a difficulty was prevented, and the parties became reconciled. On the next morning the defendant went to the city of Laredo, which was only a short distance from where he lived, and Rosalio Perez and Frederico Rosalio went with him; the latter unarmed, while defendant carried his pistol with him. Sometime during the day, near the corner of the court house square, the defendant and deceased had a dispute about some trivial matter, which resulted in a fist fight. The deceased was getting the best of the fight, when the defendant suggested if they continued to fight there they would both get arrested, and to go out of town and have it out. This fight ceased, and they agreed to go out beyond the Mexican National Railroad track and settle the difficulty. Defendant started on ahead towards the agreed place, but the deceased and Frederico, after going some distance, turned back towards town, and went to the house near which the homicide subsequently occurred. After they had remained there awhile, the defendant came up and commenced abusing the deceased for fooling him in not going out of town to fight it out, as he had agreed to. The man of the house (which appears to have been a Mexican saloon or drinking place) told them they could not have a difficulty in there, and defendant and deceased then agreed to go out behind the house and settle it; the defendant going ahead, and deceased and Frederico following. The defendant and deceased began to fight first with their fists and hands. The deceased appeared to be getting the best of the fight, and then defendant began to draw his pistol, and as soon as he got it out fired twice at deceased, and the latter fell, mortally wounded. The defendant then fled, but was overtaken by an officer, and arrested. This was the State's theory of the case as presented by the evidence. The defendant's own testimony was different from this, and presented some features which, in the judgment of the court, raised the issues of murder in the second degree, manslaughter, and self-defense. All those phases were given to the jury in the charge, but the jury believed from the evidence that the killing was upon express malice, and so found; and we see nothing in the record to require us to disturb their verdict, and the judgment is accordingly affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.