### Sam Halsford v. The State.

#### No. 4163.   Decided February 26, 1908.

**1.—Assault With Intent to Murder—Charge of Court—Express Malice—Former Grudges.**

Where upon trial for assault with intent to murder the evidence showed that the meeting between defendant and the party assaulted was a chance meeting, and that the whole difficulty sprung up suddenly and lasted but a minute or two, the defendant denying that he intended to kill prosecutor, which the State did not controvert, the court erred in his charge in instructing on express malice and lying in wait, antecedent menaces, and former grudges.

**2.—Same—Charge of Court—Express Malice.**

Where upon trial for assault with intent to murder there was no evidence of express malice, and none of the indicia of malice contained in the court's charge, it was error to submit the law of the case on these subjects.

**3.—Same—Charge of Court—Adequate Cause—Incumbering Defensive Theory.**

Where upon trial for assault with intent to murder, there was no evidence that the injuries inflicted upon defendant by the party assaulted were by means of weapons or other instruments of violence, the court erred in charging that if the conflict was brought on by the prosecutor by means of weapons or other instruments of violence, although the defendant was the aggressor, etc.

**4.—Same—Charge of Court—Intent to Kill—Adequate Cause.**

Upon trial for assault with intent to murder, even if the evidence showed that

the defendant may have begun the difficulty, and may have intended when he began it, to bring on a conflict and have a fist fight with the assaulted party, still, unless at the time he intended to produce an occasion for killing prosecutor, he would not be deprived of his ground of adequate cause by reason of the great injury inflicted on him; and the charge of the court not submitting the law as here laid down, was reversible error.

**5.—Same—Charge of Court—Aggravated Assault—Passion—Manslaughter.**

Upon trial for assault with intent to murder, where the evidence showed that the difficulty between defendant and the party assaulted occurred suddenly, and showed no previous ill-will between the parties, but blows were passed between them, the defendant finally striking prosecutor with a plank, seriously injuring him, the court in charging on manslaughter, required the jury to find that the assault was made by defendant in a sudden transport of passion, instead of passion aroused by adequate cause, rendering the mind of defendant incapable of cool reflection, the same was reversible error.

Appeal from the District Court of McLennan.  Tried below before the Hon. Sam R. Scott.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Gallagher,* and *J. E. Yantis,* for appellant.—On question of express malice, and character of weapon used: Johnson v. State, 42 Texas Crim. Rep., 377; 60 S. W. Rep., 49; Shaw v. State, 34 Texas Crim. Rep., 435, and cases cited in opinion.  Upon charge on question of means used: Griffin v. State, 40 Texas Crim. Rep., 312; 50 S. W. Rep., 366; Honeywell v. State, 40 Texas Crim. Rep., 199; 49 S. W. Rep., 587.  On question of intent to kill: Authorities cited in opinion. On question of submitting adequate cause, and weapon used: Taylor v. State, 80 S. W. Rep., 378; Taylor v. State, 17 Texas Crim. App., 50; Reynolds v. State, 14 Texas Crim. App., 435; Gardiner v. State, 40 Texas Crim. Rep., 21.  On question of passion, Clark v. State, 51 Texas Crim. Rep., 519; 102 S. W. Rep., 1138; Kannmacher v. State, 51 Texas Crim. Rep., 118; 101 S. W. Rep., 242.  On charge of aggravated assault: Melton v. State, 83 S. W. Rep., 823; Green v. State, 49 Texas Crim. Rep., 380; 98 S. W. Rep., 1063; Casey v. State, 49 Texas Crim. Rep., 174; 90 S. W. Rep., 1018; Randell v. State, 49 Texas Crim. Rep., 261; 90 S. W. Rep., 1013; Cooper v. State, 48 Texas Crim. Rep., 608; 89 S. W. Rep., 817.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of McLennan county, Texas, for the offense of assault with intent to murder.  On trial he was convicted, and his punishment assessed at three years confinement in the penitentiary.

Appellant, both in his brief and oral argument, raises and discusses many questions as grounds of reversal.  We think the case must be reversed for errors in the charge of the court.

Complaint is made of the following portion of the court's charge to

the jury: "Express malice is where one with a sedate and deliberate mind and formed design unlawfully kills another, which formed design is evidenced by external circumstances disclosing that inward intention, such as lying in wait, antecedent menaces, former grudges, and concerted schemes to do bodily harm, or other circumstances showing a sedate and deliberate mind and formed design, unlawfully to kill or to inflict serious bodily harm, which might probably end in the death of the person on whom the same was inflicted."

This charge, it is claimed, was erroneous for the following reasons: (a) There was no evidence in this case upon which to base a charge on express malice. (b) There was no evidence in this case of any lying in wait, antecedent menaces, former grudges, or any other circumstances showing a sedate or deliberate mind. (c) It was claimed that this charge was confusing as applied to this particular case, in that it tells the jury that express malice may be shown by a former design to inflict serious bodily harm, whereas in this case it was not sufficient to justify a conviction that there should be an intent to inflict serious bodily injury, but it was further required that there should be an express intent to kill the deceased. We think, in view of the facts as they appear in the record, that the first two grounds of objection raised, at least must be sustained. All the evidence in this case shows that the meeting between appellant and Johnson, the assaulted party, was a chance meeting. Johnson went to the stable where the difficulty occurred on business with another party. While waiting for the other party a discussion arose between appellant and Johnson concerning the merits of the canvass for the office of city marshal in Waco. This discussion led to blows, and Johnson knocked appellant down three times. After knocking him down the third time, Johnson went a short distance to his horse, and had gotten on the horse when he was attacked by appellant and struck with a plank and seriously injured. The whole difficulty from first to last, lasted but a minute or two. There was not only no ill-will between the parties, but they seemed to have been friendly, at least they were not shown to be unfriendly. On cross-examination of appellant he was asked by counsel for the State if he had not agreed to kill Johnson the first excuse he got, and if it was not the understanding that that was to be done. This was denied by appellant, and there was no attempt, substantially, on the trial to make any such proof.

In his charge the court instructed the jury, in substance, that if they believed from the evidence beyond a reasonable doubt that the defendant with malice aforethought, either express or implied, did unlawfully assault the said Johnson, etc., they would find him guilty as charged in the indictment. This charge, of course, authorized the jury to convict defendant if the killing was either on express or implied malice. In view of the nature of the cross-examination, implied by the questions asked, as to a conspiracy or purpose to kill Johnson in the absence of any sort of proof that there had been or was either lying in

wait, antecedent menaces, former grudges or concerted schemes to do bodily harm, this instruction was not only erroneous, but probably hurtful and prejudicial to the rights of appellant. See McSpatton v. State, 30 Texas Crim. App., 617; Arthur v. State, 46 Texas Crim. Rep., 477; Hjeronymus v. State, 46 Texas Crim. Rep., 161; Griffith v. State, 78 S. W. Rep., 347; Lynch v. State, 24 Texas Crim. App., 362; and Thomas v. State, 34 Texas Crim. Rep., 482. It is not to be understood that in every case will a reversal follow because the court may include in his charge some of the evidence or some of the indicia of express malice not shown in the evidence. Where the evidence raises the question of express malice and some of the statutory indicia are found, the inclusion of others as mere matter of illustration, may not be error. But here, as we conceive, there was no evidence of express malice, and none of the indicia contained in the court's charge was shown by any evidence.

Again, complaint is made of the charge of the court, wherein the jury were instructed, as follows: "A serious personal conflict in which great injury is inflicted by the person killed by means of weapons or other instruments of violence, or by means of great superiority of physical strength, although the person guilty of homicide was the aggressor, provided such aggression was not brought on for the purpose of bringing on the conflict, or for the purpose of killing." This was in connection with the submission of the issue of aggravated assault and as a basis of authorizing the jury to give the defendant the benefit of his statutory ground of adequate cause. This charge is complained of, for two reasons: (1) There was no evidence in the case that the injury inflicted upon the defendant by the assaulted party was by means of weapons or other instruments of violence, and the charge embracing such matters tended to confuse the jury, and to submit issues which they were bound under the evidence to find against the defendant, and to thereby deprive the defendant of any practical benefit from this portion of the court's charge.

(2) That the charge required the jury, in order to give the defendant the benefit of this statutory ground of adequate cause, to find that the aggression was not made by the defendant for the purpose of bringing on a conflict, when the statute authorized the jury to give the defendant the benefit of this ground of adequate cause, if the aggression was not made for the purpose of bringing on a conflict and killing said assaulted party in such conflict. The effect of this charge, as contended by appellant, was practically to deprive the defendant of any benefit from this statutory ground of adequate cause, because if it be conceded that when the defendant attempted to assault the alleged party he did so for the purpose of bringing on a conflict, it did not necessarily follow that he meant to take advantage of such conflict to kill the said Johnson, which last intent was specifically denied by him.

As stated above, the proof shows that while waiting at the stable where appellant was employed, Johnson and defendant became engaged in a discussion of the then impending campaign in Waco, and during the

conversation appellant cursed and abused Johnson, and that when appellant came at him he (Johnson) knocked him down two or three times, when he turned and went to his horse. There is no contention that appellant, prior to the picking up of the piece of plank, fought with anything but his fists, and some of the witnesses testified that he never got to hit Johnson, but Johnson seemed to knock off all the licks. There was no contention that Johnson used a weapon of any sort, but all the testimony shows that he fought with his fists, and by reason of his superior physical strength knocked appellant down every time he approached him, and inflicted, considering the means used, sever injuries on appellant. It has been held in this State, and properly so, that it is reversible error to encumber a charge upon a defensive issue with improper burdens, nor can we say that, in view of the fact that there was no evidence that the injuries inflicted by Johnson upon appellant were by means of weapons or other instruments of violence, that the inclusion of these matters was immaterial.

Again, this paragraph of the court's charge was erroneous in that it provided that, if the aggression by appellant was not made with intent to bring on a conflict or for the purpose of killing, the offense, if the facts otherwise supported it, would be an aggravated assault. The true rule is, that although appellant may have begun the difficulty, and may have intended, when he began it, to bring on a conflict, and have a fist-fight with Johnson, still, unless at the time he intended to produce an occasion for killing Johnson, he would not be deprived of his ground of adequate cause by reason of the great injury inflicted on him. The court in his charge submitted this matter in the disjunctive and deprived appellant of the benefit of this ground of adequate cause, if he was the aggressor and brought on the conflict, or if he had a purpose to kill Johnson, he could not avail himself of the doctrine of adequate cause, and thus reduce the grade of the offense charged against him. See Taylor v. State, 80 S. W. Rep., 379, and Raynolds v. State, 14 Texas Crim. App., 435.

Complaint is made of the charge of the court in the 12th and 13th assignments of error, in this: That the court erred in the following paragraph of the charge: "If you believe from the evidence beyond a reasonable doubt that the defendant, with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, in a sudden transport of passion aroused by an adequate cause, as the same has been herein explained, did unlawfully assault the said Johnson, then, if you so find, you will find the defendant guilty of an aggravated assault, and assess his punishment, etc." And the further paragraph, as follows: "Again, if you believe from the evidence beyond a reasonable doubt that the defendant did at the time and place charged in the indictment, with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, in a sudden transport of passion, which passion resulted from a serious personal conflict, in which great bodily injury was

inflicted by the said Johnson on this defendant, either by instruments of violence, or by means of great superiority of physical strength, then, if you so find beyond a reasonable doubt, the defendant would not be guilty of any higher grade of offense than aggravated assault," etc. Both of these paragraphs of the charge are questioned and criticised, and complaint is made of them on the ground that they required of the jury to find that the assault was made by the defendant in a sudden transport of passion aroused by adequate cause, before they would be justified in finding him guilty of the mitigated offense of aggravated assault. Appellant's contention is, that it was not necessary that the defendant's mind should have been in a transport of passion, but only necessary that it should have been rendered incapable of cool reflection and that the court's charge in respect to sudden transport of passion aroused by adequate cause was an undue and improper limitation and restriction upon the law of aggravated assault, and calculated to cause a conviction of assault with intent to murder.

A charge very similar to this was considered in the case of Clark v. State, 51 Texas Crim. Rep., 519; 102 S. W. Rep., 1136, in which the court say: "After defining manslaughter in general terms, according to the statute, in applying the law to the facts of the case, the court required the jury to believe, before they could convict appellant of manslaughter, that the killing occurred in a sudden transport of passion aroused by adequate cause, etc., the contention here being that the court had no right to interpolate the word 'transport' in that connection, inasmuch as the statute does not so define manslaughter, and because the word 'transport' intensifies the passion and indicates that appellant must be possessed of a fury of passion before the offense can be reduced to manslaughter. This was also error. See Kannmacher v. State, 51 Texas Crim. Rep., 118; 101 S. W. Rep., 242." The citation of the Kannmacher case abundantly sustains appellant's contention. In that case the court say: "Appellant also complains because the court, in charging on murder in the second degree, required the jury to believe that appellant shot deceased in a sudden transport of passion. We agree to this contention. This is an undue limitation and restriction on murder in the second degree, and is calculated to cause a conviction of murder in the first degree. It is not necessary that, in order to reduce a murder from the first to the second degree, the homicide occur in a sudden transport of passion. A passion is not required either to be sudden, nor is it necessary that there be a transport of passion. If the mind of the slayer is not cool and deliberate when the intent is formed, but is laboring under any excitement or passion, this would reduce the homicide to the second degree. See Gaines v. State, 53 S. W. Rep., 623; Thomas v. State, 45 Texas Crim. Rep., 111; 74 S. W. Rep., 36; Boyd v. State, 28 Texas Crim. App., 137; 12 S. W. Rep., 737. In the last named case, Judge Willson lays down, in a condensed form, an apt presentation of the law of murder upon implied malice, and this is peculiarly applicable where there is no charge given on

manslaughter. The same vice occurs in the court's charge on manslaughter; that is, the court requires the intent to kill to be formed in 'a sudden transport of passion' on adequate cause. This is not the law; but, if the mind is excited and not capable of cool reflection from some adequate cause, it is none the less manslaughter, notwithstanding the passion may not be a transport of passion. This character of vice often occurs in charges, no doubt superinduced by the fact that the printed charges used by the judges contain this error, and we have had occasion more than once to reverse cases on this account. And we again call attention to the incorrectness of the character of charge, and in any case where it is given and calculated to work injury it will operate a reversal. In this particular case, we cannot say that it did not operate to the prejudice of appellant. He was convicted of murder in the first degree, and in applying the law to the facts, the jury were instructed that they were only authorized to convict appellant of murder in the second degree if the intent to kill was formed in a 'sudden transport of passion.' It may be that appellant's mind was excited by passion, and the jury might have believed under a proper charge that it was so influenced, while at the same time they might not have believed that he was laboring under a sudden transport of passion. This was placing on appellant a greater burden than the law authorized."

For the errors indicated, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*