## Sam Halsford v. The State.

### No. 3968.   Decided May 5, 1909.

**1.—Assault to Murder—Continuance—Want of Diligence.**

Where the motion for continuance showed want of diligence in procuring process for the witness, the same was correctly overruled.

**2.—Same—Jury and Jury Law—Jury Wheel.**

The Act of the Thirtieth Legislature known as the jury wheel law is constitutional. Following Smith v. State, 54 Texas Crim. Rep., 298.

**3.—Same—Charge of Court—Simple Assault.**

Where upon trial for assault with intent to murder the evidence showed that the deceased was dealt an almost deadly blow by defendant with a bludgeon, which broke his arm and inflicted upon him serious and dangerous injuries, the court did not err in failing to instruct upon simple assault.

**4.—Same—Charge of Court—Intent to Kill—Harmless Error.**

Where upon trial for assault with intent to murder the defendant was convicted of aggravated assault, the court's failure to charge article 717 of the Penal Code, with reference to the intent to kill, etc., was harmless and there was no error.

Appeal from the District Court of McLennan.   Tried below before the Hon. Richard I. Munroe.

Appeal from. a conviction of aggravated assault; penalty, eighteen months confinement in the county jail.

The opinion states the case.

*J. E. Yantis* and *Taylor & Gallagner,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is the second appeal of this case. The opinion on the former appeal will be found in 53 Texas Crim. Rep., 42, where the facts are stated at some length.

On the trial from which this appeal results appellant was found

guilty of an aggravated assault, and his punishment assessed at confinement in the county jail for eighteen months.

1. When the case was called for trial application for continuance was made on account of the absence and for the want of the testimony of one Tom Phillips, who was alleged to reside in McLennan County. The indictment, it should be stated, was returned on the 15th day of March, 1907. It is averred it was expected to be proved by the witness Phillips that, a short time before the difficulty in this case, in which he is charged with making an assault on T. E. Johnson, and on the same day that said Johnson came to the defendant at the Harwick barn, and that before he went to the barn where the defendant was he, the witness, heard Johnson say that he intended to go there and whip the defendant, or make him take back something that he, Johnson, said that the defendant had said about him. It may well be doubted whether the diligence in respect to this witness was sufficient. It seems that a subpœna was issued for him on the 10th day of May, 1907, which on the 20th day of the same month was returned by the sheriff not found. That the case went to trial on this day, and this witness was not procured. That after the reversal of the first appeal, on the 18th of March, 1908, another subpœna was issued for this witness, which on the next day was returned by the sheriff stating that the witness was out of the county. Appellant alleges that the witness lives in the county, and was seen by him in Waco in February, 1908, before the case was reversed, and he has reason to believe that he could have been served with a subpœna by the use of ordinary diligence on the part of the officer who had same in his possession. The case was not tried until about May 6, 1908, and the record shows that from the 19th of March preceding absolutely no diligence was used to secure the presence and attendance of this witness, nor does any further inquiry seem to have been made concerning him. We think, in view of the length of time that the prosecution has been pending, and the failure of the appellant to secure the witness on the first trial, and the fact that for nearly sixty days there was no effort at all made to secure his attendance, that it must be held that appellant was so lacking in diligence as, under all circumstances, we would not be warranted in holding that the action of the court below was erroneous in refusing a continuance on account of the testimony of this witness.

2. The next ground of complaint, as evidenced by bill of exceptions, relates to the action of the court in declining to quash the jury panel because the same was drawn under what is known as the "Jury-Wheel Law," passed by the Thirtieth Legislature. This matter was carefully considered, and decided adversely to the contention of appellant in the case of Smith v. State, 54 Texas Crim. Rep., 298; 113 S. W. Rep., 289, and many other cases by this tribunal. The same ruling was made by the Court of Civil Appeals of the Fifth Judicial District in the case of Northern Texas Traction Co. v. E. A. Danforth, recently

decided, in which application for writ of error was denied by our Supreme Court. So that this is no longer an open question in this State.

3. The charge of the court is attacked on two grounds: first, that the court should have submitted the issue of simple assault to the jury; second, that the court erred in not giving, in charge to the jury, article 717 of the Penal Code, to the effect in substance that the instrument or means by which a homicide is committed are to be taken into consideration in determining whether the party or person assaulting intended to kill. There might be some doubt as to whether the instrument used by appellant was a deadly weapon, and except for the injuries suffered by the assaulted party there might be some reasonable basis for the contention that simple assault should have been submitted. But the facts show that Johnson, the party assaulted, while in the act of getting on his horse, was dealt an almost deadly blow with a heavy bludgeon, which broke his arm and inflicted upon him serious and dangerous injuries, rendering him unconscious for quite a while and laying him up for a long time. Under the facts the court would have been without any excuse for submitting the issue of simple assault. As to the other matter, if conviction had been had for assault with intent to murder, we should not hesitate to say that appellant would be clearly correct, and that the court was in error in not giving, in charge to the jury, article 717 of the Penal Code. But in view of the fact that the conviction was for aggravated assault, which negatives and denies the idea of intent to kill, it seems to us that appellant is without just cause of complaint. In the motion filed by counsel for appellant, the force of this suggestion seems to be recognized, but they agree that, if article 717 had been given in charge, that there would and could have been no serious issue of assault with intent to murder, and that the jury must, in the first instance, have come to the conclusion that the offense of which appellant is guilty was not of a higher grade than aggravated assault, and that this would, in some way, have inured to his benefit, if in no other respect than the matter of punishment. This contention is wholly speculative. The punishment assessed by the jury is for aggravated assault, and in the light of the whole record we are not prepared to say it is heavier than the facts warrant. Upon careful inspection of the record we are convinced that there was no error committed that could probably have injured appellant, and it is therefore ordered that the judgment of the court below be, and the same is, hereby in all things affirmed.

*Affirmed.*