**Calvin Earl NEWMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46731.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

---

Melvyn Carson Bruder (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The conviction is for murder with malice. The punishment is life imprisonment.

Appellant in his third ground of error contends that the evidence is insufficient to sustain the verdict of guilt of murder with malice. It is his contention that the evidence makes out at most a case of murder without malice.

The State's evidence reflects that at about 6:00 o'clock P.M. on October 30, 1971, appellant armed himself with a pistol, went with his 13 year old sister Deborah Newman to the apartment of Benny Ray Kennybrew, the deceased, and fired two shots at him. Deceased was struck in the left chest as the result of one of the shots, the bullet going across his body, and perforating both lungs and the aorta, and causing his death.

As a witness for the appellant, his 13 year old sister Deborah testified that on the night before the killing she had gone with a 23 year old acquaintance of appellant to his apartment, and was chased out of it by the unexpected return of the man's wife. Deborah was invited to an upstairs apartment by a group of several men and women, and she spent the night there. She testified that she was forcibly raped there a number of times by the deceased. Later during the day, after she had returned to her home, appellant started whipping her for spending the night away from home. She then told him of being raped by deceased. Appellant asked a friend to drive him and his sister across Dallas to the place where she said the attack had been made. Arriving there, she knocked on the door of deceased's apartment, and when deceased opened the door and she identified him as the man who had raped her, deceased denied the accusation, and retreated back into the apartment. Appellant then fired two shots. She did not know whether deceased was hit or not. She and appellant then left, and returned to their home. Appellant was arrested a few hours later.

Appellant testified that he was quite worried when his sister failed to come home on the night of October 29. When she told him that she had been raped, he armed himself with a pistol which he had obtained the day before and went to the apartment of deceased, whom he had not previously known, with the idea of fully discussing with him the matter of his sister's rape. He denied any intention of shooting the man. He testified, however, that he was angry, and took the pistol because he thought there would possibly be trouble, and that he became more angry when deceased ran from him without giving him an explanation of his treatment of Deborah. He admitted firing the two shots into the apartment. He left without being aware that he had shot deceased. He testified to two prior convictions for felony theft.

Appellant's father testified that on that evening as appellant and Deborah were going to deceased's apartment appellant told him that he was going to talk to a boy who had raped Deborah.

The court charged the jury on murder with and without malice. The record contains no written objections to the charge.

■ The testimony reflects that the appellant deliberately armed himself with a pistol, knowing that there might be trouble, when to the apartment of deceased, and shot and killed the deceased while the latter was retreating from him. The issue of whether adequate cause, which means such cause as would commonly produce in a person of ordinary temper that degree of anger, rage, resentment, or terror sufficient to render the mind incapable of cool reflection, existed at the time of the killing is to be determined by the jury. Article 1257c, Vernon's Ann.P.C.; Stephens v. State, 145 Tex.Cr.R. 100, 165 S.W.2d 721. Proof of the intentional shooting of deceased with a deadly weapon is sufficient to authorize the jury to find malice: Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Ratcliffe v. State, Tex.Cr.App. 464 S.W.2d 664; Grant v. State, Tex.Cr.App., 449 S. W.2d 480; Bell v. State, Tex.Cr.App., 398 S.W.2d 133. The jury was the sole judge of the facts and the credibility of the witnesses on the issue of whether, under the law as given by the court, the killing was with or without malice. Mosley v. State, 149 Tex.Cr.R. 523, 196 S.W.2d 822.

Appellant's third ground of error is overruled.

■ Appellant's first ground claims prejudicial error in that portion of the prosecuting attorney's argument at the guilt stage where he said that when he investigated the case and from the facts he "found out what kind of man we got, and what happened."

The record reflects that the objection of appellant to this statement was sustained by the court. No request was made to have the jury disregard the statement, and no request for mistrial was made. There is nothing presented for review. Cherry v. State, 488 S.W. 744; Schreiner v. State, 478 S.W.2d 460.

The first ground of error is overruled.

Appellant's second ground alleges error in the following remark of the prosecuting attorney during his argument to the jury at the guilt stage:

"Now, Mr. Thompson (Appellant's court-appointed trial counsel), I couldn't believe it, I couldn't believe my ears to hear him stand in this courtroom and say the things he said about Detective Rose (a prosecution witness). That man who is one of the finest police officers in all the world."

The argument should not have been made, but no objection was made to this argument. There is nothing before us to review. Wheeler v. State, Tex.Cr.App., 496 S.W.2d 85. The second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.