### LEROY GREEN v. THE STATE.

#### *No. 128.   Decided June 23.*

**1. Robbery—Charge of Court—Harmless Error.**—On a trial for robbery, where the court charged the jury, in effect, that they should convict if they believed that defendant accomplished his crime by putting the injured party in fear of his life or "*serious*" bodily injury, and it was objected, that because article 722 of the Penal Code used the terms "*bodily* injury," and not "*serious* bodily injury," therefore the charge required more than the law: *Held*, that if erroneous, it was harmless and beneficial to defendant.

**2. Erroneous Charge, Though Excepted to, Not Reversible, when — Construction of Statutes.**—Though there are decisions of this court holding that an erroneous charge which enures to the benefit of the accused, if excepted to, constitutes reversible error, a proper construction of articles 677, 678, and 685 does not warrant such conclusion where the error excepted to is harmless or beneficial to the defendant. The contrary doctrine in Surrell v. The State, 29 Texas Criminal Appeals, 321; White v. The State, 28 Texas Criminal Appeals, 71; Jenkins v. The State, 28 Texas Criminal Appeals, 86; and Habel v. The State, 28 Texas Criminal Appeals, 588, disapproved.

**3. Error of Charge, Though not Excepted to, Reversible, when.** If error in the charge of the court, upon a consideration of the whole case, is calculated to injure the defendant, the case will be reversed for such error, though no exception was taken to the charge at the trial.

**4. Charge, Contradictory — House of Correction and Reformatory.**—Where the court, having properly instructed the jury that the punishment for robbery was confinement in the penitentiary for life or not less than five years; and then further told them, that where a person not over 16 years old is convicted of a felony, and the punishment is five years or less, the judgment should confine him in the State reformatory for the term of his sentence, and that if they should find the defendant guilty, and not over 16 years old, they should fix his punishment at confinement in the reformatory instead of penitentiary, for life or not less than five years: *Held*, the instructions are both contradictory and erroneous.

**5. Same — House of Correction and Reformatory.**—Under the Act of 1889, with regard to the house of correction and reformatory, it is made the duty of the jury, and not the court, to say whether the convict shall be sent to the reformatory or the penitentiary; and a charge of the court which instructs the jury that in case they find defendant was not more than 16 years old, they must send him to the reformatory, is erroneous; but being beneficial to the defendant, he can not be heard to complain thereof.

APPEAL from the District Court of Williamson.   Tried below before Hon. F. G. MORRIS.

On his trial upon an indictment for robbery, appellant was convicted, and given as a punishment five years in the penitentiary.

There is no statement of facts in the record.   The defendant's bill of exceptions related to errors and supposed errors in the charge of the court.   These matters are fully and sufficiently stated in the opinion.

No briefs have come to the hands of the Reporter.

SIMKINS, JUDGE.—Appellant was convicted of the offense of robbery, and his punishment assessed at five years in the penitentiary, from which judgment he appeals.

1. It is claimed that the court erred in charging the jury, they should convict if they believed that appellant, "by putting Frank Spelert in fear of life or *serious* bodily injury, did fraudulently take from his person or possession certain property," etc. The code declares one guilty of robbery "who fraudulently takes property from the person or possession of another by putting him in fear of *bodily* injury," and not *serious* bodily injury. Penal Code, art. 722. Conceding the charge to require more than the code does, we do not see upon what ground appellant can complain; for if an error, it was not only harmless, but beneficial to him. If by putting Frank Spelert in fear of *serious* bodily injury the appellant fraudulently obtained his property, it was unquestionably robbery. The jury so found.

But it is claimed that this court should reverse, because the charge was specially objected to upon said ground, and a bill of exceptions reserved. We are aware that there are decisions of this court holding that an erroneous charge, although it enures to the benefit of the accused, if excepted to, constitutes reversible error. Surrell v. The State, 29 Texas Cr. App., 321; White v. The State, 28 Texas Cr. App., 71; Jenkins v. The State, 28 Texas Cr. App., 86; Habel v. The State, 28 Texas Cr. App., 588.

But we do not believe that a careful consideration of articles 677, 678, and 685 of the Code of Criminal Procedure will sustain the doctrine contended for. It is to be observed that article 677 and the eight succeeding articles were enacted to assist defendant in obtaining a fair trial, by guarding *his* rights from judicial interference. The two first of these articles required the law as given to be applicable to the facts proven, to be clearly and dispassionately stated, and the judge is forbidden to comment upon or sum up the evidence. The object sought to be obtained by these articles was, that the defendant might not be unjustly convicted or suffer a heavier penalty than his offense deserved. Hence it was to the defendant alone that the right was given to except for any substantial violation of these articles. To the State was given no redress for the mistakes of the court against itself, however grave they might be; and however unjust the acquittal, the defendant goes free. Such is the law.

Now, it certainly could never have been contemplated by the framers of the code that the defendant would be allowed to do for the State what the State was not allowed to do for itself; that is, to except for an error of the court *against the State.* They certainly could not have supposed there would ever be arraigned before a criminal court a criminal whose sense of justice was so much stronger than his fear of punishment, or who was so profoundly interested in the correct administration of the law, as to object to and protest against the court giving the jury a charge in his

favor because it was erroneous. If such there be, certainly they ought to have the full benefit of the mistake. But such is not the fact. The contention here is, that appellant ought to have a new trial because the court made a mistake in his favor. We can not agree to it.

We desire further to say, that it is not every error in the charge, though excepted to, which will reverse. There must be a substantial infraction of the articles above referred to. Bishop's case, 43 Texas, 395, bottom page. Unquestionably an irrelevant abstraction (same case, top page, 396), or an error clearly harmless, can not be the ground of reversal. Hence we conclude, that a proper construction of articles 677, 678, and 685 does not require a reversal of the case when the error in the charge excepted to is harmless or beneficial to defendant; and such a construction is deemed to be required by the law and in harmony with the dictates of justice and common sense.

Of course where there are no exceptions taken, this court will reverse only when the error is calculated, upon a consideration of the whole case, to injure defendant. 29 Texas Cr. App., 155; 22 Texas Cr. App., 491; Willson's Crim. Stats., 2363.

2. Appellant further insists, that the court erred in charging the jury, that if they found defendant not to be more than 16 years old, they should assess his punishment at confinement in the State reformatory for life or for a term of not less than five years.

It must be conceded that the charge is contradictory, and can not be said to have substantially and clearly charged the law. After instructing the jury that the punishment for robbery was by confinement in the penitentiary for life or *not less than five years*, the jury are told, that where a person not over 16 years old is convicted of a felony, and the punishment is five years or less, the judgment should be to confine him in the State reformatory for the term of his sentence; and if therefore they find defendant guilty, and not over 16 years old, "the jury shall fix his punishment at confinement in the reformatory instead of the penitentiary, for life or not less than five years." It certainly seems, that the court in one section of the charge instructed the jury to send the appellant to the reformatory if sentenced to five years or less, and in the next section they are told they could send him to the reformatory for life, or a term not less than five years, but they are also told they can not fix a punishment less than five years.

We can not say the charge sets forth the law so clearly that appellant's rights were not injured thereby, as the jury may have been induced to avoid troubles of the charge by making no finding as to age.

In reversing this case, we call attention to the further error in the charge instructing the jury, that if they found that appellant was not more than 16 years old, they must send him to the reformatory. The law gives the jury the right to say whether the convict shall be sent to

the reformatory or penitentiary. Acts 1889, sec. 13, p. 97. But the error was for the benefit of appellant, because the charge tended to induce the jury to send him to the reformatory, a much less degrading punishment than confinement in the penitentiary, and appellant can not be heard to complain of the charge upon this ground.

There is no statement of facts in the case, but bills of exception raise the errors discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.