### L. L. LOGGINS v. THE STATE.

*No. 715. Decided October 21.*

**1. Charge of Court—Circumstantial Evidence.**—A charge of court upon circumstantial evidence instructing the jury, that such evidence must produce, *in effect*, a reasonable and moral certainty of defendant's guilt, is as clear, practical, and satisfactory to the ordinary juror, as if the court had charged that such evidence must produce *the effect* of a reasonable and moral certainty.

**2. Same—Alibi, Reasonable Doubt as to.**—A charge of the court which applies the reasonable doubt to the defense of alibi, enures to defendant's benefit, and gives him the full force of his defense, is no ground of complaint on his part, and especially where the court also charged on reasonable doubt as to the whole case.

**3. Murder of the First Degree—Evidence Sufficient.**—See evidence on a trial for murder which, though mostly circumstantial, is held amply suffi-

cient to support a verdict and judgment of murder of the first degree, with penalty affixed at a life term in the penitentiary.

### ON MOTION FOR REHEARING.

**4. Appellant's Right to Withdraw and Dismiss His Motion for Rehearing.**—An appellant, after a motion for rehearing has been filed by his attorney, has the right, by personal application and motion, to have the motion for rehearing withdrawn or dismissed.

APPEAL from the District Court of Sabine. Tried below before Hon. RUFUS PRICE, Special Judge.

Appellant was indicted for the murder of one Abe Smith, in Sabine County, alleged to have been committed on the 16th day of June, 1883, by shooting him with a gun. The trial began on the 17th day of August, 1893, more than ten years after the alleged murder, and was concluded on the 24th day of August, by defendant's conviction for murder of the first degree, and the penalty assessed at a life term in the penitentiary.

The evidence is most voluminous, but the salient features may be stated, in substance, as follows: Abe Smith, the deceased, lived and owned a mill near the village of Brookland, in Sabine County. He was killed about dusk on Friday evening, July 13, 1883, on the road between his house and mill. He was shot some three or four times with balls fired from a 38 calibre Winchester rifle. The party doing the shooting was ensconced in ambush close to the road, and at this ambuscade some 38 calibre Winchester empty shells were found. A short distance off was a thicket of pine saplings, in which the slayer had evidently laid in wait for sometime, and from which he could easily survey the surrounding country, and observe any person passing along the roads. In this thicket were found several empty guinea egg shells, showing that the eggs had been eaten by the party while waiting there; also an old sack or wallet, and in this sack or wallet was a tin box containing some pieces of calico and a quantity of black substance looking like chimney soot. There was also found a quart whisky flask containing a fluid which the witnesses thought to be coffee with milk or cream in it. There was also found at this place, and near the place of the killing, tracks of a peculiar shape, made by a badly worn but fine high-heeled number 7 boot. About one and three-quarters miles from this point, and a few days after the homicide, a pair of fine old, worn, high-heeled number 7 boots were found hanging upon a limb of a tree in the woods. These articles were all taken charge of by the officers, kept and preserved, and used and introduced in evidence on the trial.

It was shown that defendant was at various times in his life lawyer, doctor, and newspaper editor.

At the trial the articles above mentioned as found at and near the scene of the killing were proved to belong to and to have been in possession

of defendant when the killing occurred.   It was also proved, that at that time defendant owned and was daily carrying a 38 Winchester gun, and that there was but one other such gun owned by any one living in any of the adjoining counties.

As to the motive which induced the killing:   Defendant forged a deed to some 1100 acres of land.   Smith, deceased, was a witness to this deed, and its execution was proved up for record by the affidavit of Smith. Afterwards defendant and Smith quarrelled about a division of the money obtained for the land, Smith claiming that defendant had not paid him his share of the same.   Smith threatened to prosecute defendant for the forgery, and defendant threatened to kill him if he did so.   In 1882 appellant was indicted for forgery, and Smith was subpœnaed as State's witness.   After his arrest, and before confinement in jail, he endeavored, in the night, to escape from custody by breaking away from his guards, but was captured in a few moments.   He remarked to the party capturing him, that as soon as he got out he intended to kill him (the witness) and Smith.   After he was confined in jail he made the same threat to kill Smith to the sheriff..   After being in jail some six or eight weeks, defendant succeeded in breaking out and escaping from custody.   His family resided at the home of his father, in San Augustine County, some ten or twelve miles from Brookland, in Sabine County, where Smith was killed.   Defendant concealed himself in the woods near his father's house, and would go to the house to get provisions, which his wife would supply him with.   These provisions were put into a sack or wallet, which witnesses thought they identified as the one shown and used on the trial. His wife also was in the habit of giving him coffee, with cream or milk in it, in a quart whisky bottle, which he usually carried with him to his place of retreat.   It was also proved that the family, at the time, had a number of guinea hens on the place, thus accounting for the guinea egg shells found near the place of the homicide.   It was also proved that defendant carried in his a wallet a tin box with pieces of calico, which were of a piece from which a dress worn by one of his little girls was made.   Defendant was shown to have had, and worn about the time of the killing, such a pair of ragged old fine number 7 boots as those found as above stated, and exhibited at the trial.   These boots were further identified by the merchant's private mark and number, on the inside of the top of the leg.

The defense was alibi, but the testimony supporting it was principally that of his immediate family, and was uncertain in many particulars, indefinite and inconclusive.

Defendant testified in his own behalf; denied the killing, but told of his escape from jail; his lying in the brush—"on the scout," as he termed it—near his residence; his being furnished with provisions by his wife, and his owning a 38 calibre Winchester.   It was also drawn out, on his

testimony, that since the homicide he had been twice charged with bigamy, and had been convicted of that crime in Arkansas, for which he served five years in the penitentiary of that State.

*Hugh B. Short*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the murder of one Abe Smith, and his punishment assessed at imprisonment for life.

There are a number of bills of exceptions in the record which can not be considered, owing to the fact that they are shown to have been filed long after the adjournment of court. In those filed in time, the appellant complains:

1. That the court erred in his charge, on circumstantial evidence, in stating it must produce *in* effect *a* reasonable and moral certainty of defendant's guilt, when he should have charged that it must produce *the* effect *of* a reasonable and moral certainty.

It may be satisfactory to a metaphysical mind to weigh the difference of these two propositions, but we fail to see how such a determination can be of any practical value to the ordinary juror. It may be that one proposition is about as clear to him as the other.

2. Again, appellant complains that the court erred in applying reasonable doubt to the defense of alibi. There was no error. It was for the appellant's benefit, and gave him the full force of his defense; and the court also charged on reasonable doubt as to the whole case.

The charge was full and fair, and as favorable to the appellant as he could have asked, and we see no reason to disturb the verdict, so far as the law is concerned.

The evidence is voluminous, and the inculpatory facts, though mostly circumstantial, are so positive and overwhelming as to leave no question of appellant's guilt, and he stands justly convicted of one of the most deliberate and cowardly assassinations to be found in criminal records.

The judgment is affirmed.

*Affirmed.*

ON MOTION TO DISMISS MOTION FOR REHEARING.

SIMKINS, JUDGE.—Appellant moves the court to dismiss the motion for a rehearing filed by his counsel in this case. As we recognize the right of appellant to control in this matter, the motion of appellant is granted, and the motion for a rehearing is dismissed.

*Motion for rehearing dismissed.*

Judges all present and concurring.