### JAMES DAWSON v. THE STATE.
#### *No. 375.  Decided March 23.*

1.  **Burglary—Continuance—New Trial.**—On a trial for burglary of a railroad car, where appellant was charged as principal, and a codefendant, charged separately as a principal in the same offense, and who had turned State's evidence, and as a witness denied his own guilty connection, and his was the only evidence connecting appellant with the crime as a principal offender, *Held*, that a new trial should have been granted defendant, in view of the other testimony previously sought by him in his application for continuance, by which he proposed to show, that said State's witness was himself a principal or accomplice, and that he, defendant, was not a principal, because such absent testimony, by implicating the State's witness in the crime, either as principal or accomplice, would have necessitated a corroboration of his evidence, and would have further defeated, had it been found to be true, the prosecution against this defendant as a principal, that being the charge against him, even though the other evidence in the case might have shown appellant to have been an accomplice or a receiver of the stolen property.

2.  **Severance.**—It is no error to refuse a severance where one of the two codefendants has had his cases dismissed, under a written agreement with the district attorney, for the purpose of using him as a State's witness.

APPEAL from the District Court of Lamar.   Tried below before Hon. E. D. McCLELLAN.

This appeal is from a conviction for burglary of a railroad car, the punishment being assessed at two years' imprisonment in the penitentiary.

This appeal presents a companion case to Dawson v. The State, 32 Texas Criminal Reports, 535, and with a very few minor exceptions appears to be almost a duplicate of said case, even to the briefs of counsel.

For a statement of this case we deem it only necessary to refer to that case.

*Park & Nichols* and *Hill & Birmingham,* for appellant.   [See brief in Dawson v. The State, 32 Texas Criminal Reports, 535.]

No briefs on file for the State.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of burglary of a railroad car.   This is a companion case to cause number 378, heretofore decided by this court (Dawson v. The State, 32 Texas Criminal Reports, 535).   A continuance was sought for the testimony of certain absent witnesses, to prove facts showing, or tending to do so, that John Dawson was a principal in this transaction, and one of the parties who broke the car and committed the theft therefrom.   The principal, if not the only, evidence adduced on the trial of appellant, outside of the possession of the property said to have been taken from the car, connecting appellant with the transaction as a principal offender, came from John Dawson, who had been indicted in various indictments for these different burglaries.   The effort of this witness, in his evidence, was to show his want of guilty connection in any manner with said offenses, and by circumstances, that appellant was a principal in the transaction.   It was then a matter of serious import to appellant to show, if he could, that the witness was an accomplice.   If he was not an accomplice, within the purview of the statute, his testimony required no corroboration, and he stood without the pale of that law.   The court submitted to the jury the issue of his being an accomplice, as a matter of fact to be determined by them. If appellant could have shown that he was, that issue would and must have been decided in his favor.   But under the facts, it may not have been shown, and doubtless was not.   Again, appellant being charged as a principal, it was an important issue, and one that went directly to the root of the matter, that the evidence support this charge.   If it could be shown that appellant was himself either an accomplice to the crime or a receiver of stolen property, instead of a principal, it would defeat this indictment.   While it is true the State must prove the case as laid, yet that did not preclude appellant's right to disprove the allegations of the indictment.   Hence it was of first importance to him to prove, if he could do so, that he was not a principal; and under the case as made by the evidence, if John Dawson was a principal in the burglaries, it may be seriously doubted if appellant was, for, under his testimony, they were not together when the burglaries were committed, and such connection with each other was rather disproved by John Dawson's testimony.   If John Dawson was a principal, his relation to the crime would be fixed, and it would be necessary to corroborate him; and this would be true though appellant was but an accomplice to the crime, or a receiver of the stolen property.   In any view

to be taken of this testimony, it was of first importance to appellant, for it would, if true, constitute John Dawson a guilty participant in the burglaries and thefts from the cars. As presented by his testimony, the jury could and may have found that the witness was not an accomplice. We deem it unnecessary to discuss the question of newly-discovered evidence. Suffice it to say in this connection that, in view of the whole record, it strengthens the reason why the new trial should have been granted, based on the ground that error was committed in refusing the continuance in the first instance. There was no error in refusing the severance, because the codefendant, John Dawson, was liberated from trial by the district attorney dismissing his cases, and using him as a witness, under the written agreement between them for that purpose.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.