### COKER v. STATE.

(Court of Criminal Appeals of Texas. Oct. 15, 1913. Rehearing Denied Nov. 5, 1913.)

1. CRIMINAL LAW (§ 1120*) — APPEAL — BILL OF EXCEPTIONS—ADMISSION OF EVIDENCE.

A bill of exceptions to the admission of evidence cannot be considered, where it does not show what the evidence was.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. § 1120.*]

2. WITNESSES (§ 345*)—IMPEACHMENT — CONVICTION OF CRIME.

In a prosecution for robbery by threats with a pistol, evidence that a certain witness had been convicted of carrying a pistol shortly after the date of the alleged robbery, offered to impeach him and to connect him with the offense charged against accused, was inadmissible

for any purpose; accused having testified that he got the pistol used by him from such witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1126–1128; Dec. Dig. § 345.*]

3. CRIMINAL LAW (§ 814*) — INSTRUCTIONS — APPLICABILITY OF EVIDENCE.

It was not error to refuse to request a charge on the question of accomplices, where there was no evidence tending to show that the alleged accomplice was such.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

4. ROBBERY (§ 27*)—INSTRUCTION.

Pen. Code 1911, art. 1327, provides that if any person, by threat or violence or by putting in fear of life, etc., shall fraudulently take from another's possession any property with intent to appropriate it, he shall be punished by confinement for life or for not less than five years, "and" when a firearm is used or exhibited in the commission of offense, etc., shall be punished by death or by imprisonment for not less than five years. Held, that an instruction charging the statute was improper for using the word "or" instead of the word "and."

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 38–40; Dec. Dig. § 27.*]

5. CRIMINAL LAW (§ 823*)—INSTRUCTION—ERROR CURED BY OTHER INSTRUCTIONS.

In a prosecution for robbery with firearms, the court, in charging the statutory definition of robbery, erroneously used the word "or" instead of "and" in charging that part of the statute "and when a firearm or other deadly weapon is used in the commission of the offense," the punishment shall be death, or imprisonment for not less than five years, but the court further charged that accused was charged with robbery with firearms, and if he made an unlawful assault upon another by violence, or by putting him in fear of life, etc., and by using and exhibiting a pistol, fraudulently took money from his person, the jury should find him guilty as charged, and assess punishment at death or imprisonment for not less than five years, and further charged that the state must prove every allegation beyond a reasonable doubt, and that accused was presumed to be innocent. Held, that the error in charging the statute could not have prejudiced accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1992–1995, 3158; Dec. Dig. § 823.*]

6. ROBBERY (§ 4*)—OWNERSHIP OF PROPERTY.

If the party losing at cards voluntarily delivers the money lost to the winner's actual possession, the winner owns the money, so that the forcible taking of it from his possession may constitute robbery.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. § 4; Dec. Dig. § 4.*]

7. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

Accused cannot complain of an instruction which is more favorable to him than he is entitled.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

8. ROBBERY (§ 27*)—INSTRUCTIONS—APPLICABILITY OF EVIDENCE.

Where, in a prosecution for robbery by firearms, it appeared that the accused had previously lost the money at cards, it was improper to charge that, if accused retook the money under an honest claim of right, believing it to be his property, the jury should acquit.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 38–40; Dec. Dig. § 27.*]

9. CRIMINAL LAW (§ 1172*)—APPEAL—HARM-LESS ERROR — INSTRUCTIONS FAVORABLE TO THE ACCUSED.

Error, in a prosecution for robbery with arms in charging that if accused retook the money under an honest belief it was his property, the jury should acquit, when accused had lost the money at cards and voluntarily given it to the winner, whom he afterward robbed, was favorable to the accused, so that he cannot complain thereof.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Bush Coker was convicted of robbery, and appealed. Affirmed.

J. D. Abney, of Hillsboro, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant appeals from a conviction of robbery, alleged to have been committed on or about June 16, 1912.

Appellant with Ed Harris and others engaged in gambling with cards for an hour or more. He had $9 or $9.75 when the gaming began, and bet small amounts from time to time till he lost it all; said Harris, it seems, winning all of it. The last bet he lost to Harris was 75 cents. He then quit the game and left the room, but soon returned with a drawn and cocked pistol, demanding of Harris the money he had lost. Harris then had, all told, from $30 to $35. At the point of the pistol he forced Harris to deliver all this money to him, which he carried off and appropriated. He required, by threat to kill, Joe Sexton, to pick up this money from Harris and hand it to him. As soon as he forced the delivery of the money to him, he fired off his pistol twice.

The indictment is in accordance with the statute and approved form and the decisions of this court (P. C. art. 1327; Green v. State, 147 S. W. 593; Robinson v. State, 149 S. W. 186), and is good.

[1] By one bill appellant objected to the testimony of Cecil Madison because she did not identify appellant and the occurrence. The court overruled this objection on the ground she had identified the occurrence. The bill in no ways shows what her testimony was, and does not present any error.

[2] "For the purpose of impeaching said Joe Sexton, and of connecting him with the offense for which the defendant was on trial," appellant offered the records from the county court of Hill county, showing that said Sexton had been convicted of carrying a pistol, on or about June 20, 1912. This evidence was inadmissible for any purpose. Appellant himself testified he got this pistol from Sexton, and had it when this robbery was committed, and had fired it twice.

[3] The evidence in no way shows, or tends to show, that said Sexton was a principal or an accomplice, and the court did not err in refusing to give appellant's charge on that subject, even if the question is raised in such a way as to require this court to consider it.

[4, 5] In the second division of the charge the court attempted to give the general statutory definition of robbery as prescribed by P. C. art. 1327, and did so substantially, except he concluded it with "or when a firearm or other deadly weapon is used, or exhibited in the commission of the offense." The whole of this division of the charge was unnecessary, and especially the latter clause quoted should not have been given. But this could not in any way have misled the jury, nor injured appellant, for in the first division the court specifically told the jury that appellant "stands charged by indictment with the offense of robbery with firearms," etc., then in the fourth division fully and correctly gave the statute as applicable to the offense charged. In addition, when he submitted the case for a finding he charged: "(5) Now, if you believe from the evidence beyond a reasonable doubt that the defendant did in the county of Hill and state of Texas, at the time alleged in the indictment, unlawfully make an assault upon Ed Harris, by violence to the said Ed Harris, by putting the said Ed Harris in the fear of life or bodily injury, and then and there by using and exhibiting a firearm, to wit, a pistol, did then and there fraudulently take from the person and possession, and without the consent of and against the will of the said Ed Harris, $35 in money of the value of $35, or any other sum of money, the same then and there being the corporeal personal property of the said Ed Harris, with the fraudulent intent then and there of him, the said Bush Coker, to deprive the said Ed Harris of the value of the same, and to appropriate the same to use and benefit of him, the said Bush Coker, as alleged in the indictment, then you will find the defendant guilty as charged, and assess his punishment at death or by confinement in the penitentiary for any term not less than five years." By this charge the jury were affirmatively required to find, and by their verdict did find, every essential of robbery as charged, before they could convict.

Again, the court charged: "The burden of proof is upon the state throughout this case to establish every allegation against the defendant beyond a reasonable doubt, and he is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt"—and still gave appellant's special charges:

"(1) You are instructed to acquit the defendant unless you believe that he took the money from Ed Harris as alleged by the state in the indictment."

"(8) 'Fraudulently,' as that term is here used, means a deliberately planned purpose

and intent to gain unlawful possession." Reynolds v. State, 58 Tex. Cr. R. 273, 124 S. W. 931; Railsbeck v. State, 53 Tex. Cr. R. 545, 110 S. W. 916; Keeton v. State, 59 Tex. Cr. R. 332, 128 S. W. 404; Jones v. State, 63 Tex. Cr. R. 413, 141 S. W. 953; Milling v. State, 150 S. W. 436; C. C. P. 743; Matthews v. State, 160 S. W. 1185, from San Augustine county, recently decided.

[6] All of the evidence, including that of appellant himself, clearly and without contradiction shows that appellant and others gambled with Harris, the party robbed, continuously for an hour, and that when appellant got into the games he had only $9 or at most $9.75, that he bet and lost different amounts of this to Harris from time to time during the time of gambling, and that in this way Harris won from him, and got and held the possession as his own the whole amount of appellant's loss. It is the settled law of this state, "That where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's money, and the party losing delivers the money so lost voluntarily to the winner, and the money so passes into the actual possession of the winner, then, within the meaning of the law, the winner is the owner of the money so passing into his possession." Carroll v. State, 42 Tex. Cr. R. 31, 57 S. W. 99. "In such case, in a civil suit, the law would leave the parties in statu quo, and certainly in a criminal charge it would not recognize a retaking of the property, which involved all the elements of a premeditated robbery." Blain v. State, 34 Tex. Cr. R. 452, 31 S. W. 368. See, also, Fannin v. State, 51 Tex. Cr. R. 41, 100 S. W. 916, 123 Am. St. Rep. 874, 10 L. R. A. (N. S.) 744; Webb v. State, 60 S. W. 961; Lockland v. State, 45 Tex. Cr. R. 87, 73 S. W. 1054.

[7] It was also correctly held by this court in Jones v. State, 63 Tex. Cr. R. 413, 141 S. W. 964: "Prior to the enactment of article 743, Code Criminal Procedure, in construing that article, as it had theretofore been, in connection with article 735, this court had reversed cases where mere technical errors of commission or omission had been in the charge of the court. The Legislature, in amending article 743 as it was amended by the act of March 12, 1897, expressly enacted that the judgment shall not be reversed, unless the error appearing from the record was calculated to prejudice the rights of the defendant; whereas, before then said article, as it stood, seemed and was construed to require a reversal whether such error was calculated to injure or not. Even before this article was amended, the Supreme Court in Wright v. State, 41 Tex. 246, held that a judgment of conviction would not be reversed for improper instructions given in favor of the defendant; and cases prior to Green v. State, 32 Tex. Cr. R. 298 [22 S. W. 1094] which held that where erroneous charges

were given, if excepted to, even though such injury inured to the benefit of the accused, required a reversal, were expressly overruled by this court. In Briscoe v. State, 37 Tex. Cr. R. 464 [36 S. W. 281], on a trial for murder, where the evidence established murder in the first degree, it was held that defendant could not be heard to complain that the court gave him a charge upon murder in the second degree. Also in Gonzales v. State, 35 Tex. Cr. R. 33 [29 S. W. 1091, 30 S. W. 224], this court held that a defendant who had been convicted of manslaughter could not claim any possible injury from a charge on mutual combat, even when such charge was not required by the evidence, and that a charge upon imperfect self-defense, though not called for by the evidence, could do no possible harm to appellant where there was no self-defense in the case. It has also been held in many cases by this court that, even though a specific portion of the charge of the court may be erroneous, when it is more favorable to the accused than he was entitled to upon the particular questions, he had no ground to complain. Wilkins v. State, 35 Tex. Cr. R. 525 [34 S. W. 627]; Scruggs v. State, 35 Tex. Cr. R. 622 [34 S. W. 951]; Delgado v. State, 34 Tex. Cr. R. 157 [29 S. W. 1070]; English v. State, 34 Tex. Cr. R. 190 [30 S. W. 233]; Daud v. State, 34 Tex. Cr. R. 460 [31 S. W. 376]; Loggins v. State, 32 Tex. Cr. R. 364 [24 S. W. 512]; Lujano v. State, 32 Tex. Cr. R. 414 [24 S. W. 97]; Boren v. State, 32 Tex. Cr. R. 637 [25 S. W. 775]; Green v. State, 32 Tex. Cr. R. 298 [22 S. W. 1094]; Kelley v. State, 31 Tex. Cr. R. 216 [20 S. W. 357]; Sutton v. State, 31 Tex. Cr. R. 297 [20 S. W. 564]; Massey v. State, 31 Tex. Cr. R. 371 [20 S. W. 758]; Wolfforth v. State, 31 Tex. Cr. R. 387 [20 S. W. 741]; Gonzales v. State, 31 Tex. Cr. R. 508 [21 S. W. 253]; Weathersby v. State, 29 Tex. App. 278 [15 S. W. 823]; Surrell v. State, 29 Tex. App. 321 [15 S. W. 816]; Hawthorne v. State, 28 Tex. App. 212 [12 S. W. 603]; Walker v. State, 28 Tex. App. 503 [13 S. W. 860]; McCleavland v. State, 24 Tex. App. 202 [5 S. W. 664]; Carlisle v. State, 37 Tex. Cr. R. 108 [38 S. W. 991]."

[8, 9] Therefore, under the facts and law of this case, the court should not have charged as he did in the latter part of division 6 of his charge: "And if the defendant took same (the money) under an honest claim of right; believing it was his property, then you will find the defendant not guilty. And if you have a reasonable doubt whether such are the facts in the case you will find the defendant not guilty." Nor should the court have given the latter part of appellant's charge No. 3 on the same subject. And even if there was some conflict on this point between the special charge asked by the state, given by the court, which correctly charged the law of the case, and that im-

properly given as last above stated, no injury occurred to appellant thereby, as established by the authorities last above cited. All this was to his advantage, and not against him. The jury assessed the lowest penalty.

Nothing else requires any discussion. The evidence clearly established a strong case against appellant. Even his own testimony establishes his guilt.

The judgment will be affirmed.