Bobby Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41802.

Court of Criminal Appeals of Texas.

Jan. 22, 1969.

Rehearing Denied March 19, 1969.

Jack N. Ferguson, El Paso, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Edward S. Marquez and Robert D. Earp, Asst. Dist. Attys., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for rape; the punishment, five years.

The sufficiency of the evidence to sustain the conviction is challenged.

The prosecutrix, age eighteen, and her sister, age twenty, and their dates parked their car on a street by a public park about

1:20 a. m. The prosecutrix and her date remained in the car while her sister and her date went a short distance into the park where they were soon accosted by six young men, and she ran toward the car and her date was beaten, kicked and knocked unconscious. On leaving the car to aid her sister, the prosecutrix was seized by two of the young men and carried into some bushes, and when the four others appeared they placed her on the ground and held her there while she was forcibly raped by one of them.

In relating what next occurred she testified as follows:

"Q How many total people did you count there on you?

"A Six.

"Q Six?

"A That's right.

"Q Now, will you tell the jury how you are able to say there were six people there.

."A There was one holding this leg, another holding this leg, one holding down here and my hand, and another one on this side, and another was covering my mouth, and the other one was on top of me and—

"Q Were you able to see these people at that time?

"A Yes, I saw them.

  *    *    *    *    *    *

"Q During this attack, did any of the individuals involved strike you?

"A No, they didn't other than just hold me down very hard, they didn't—

"Q And you had one man on each of your limbs?

"A Yes.

"Q And a man on your head and another man laying on you, is that correct?

"A That's correct.

"Q They were holding you down by force, is that correct?

"A Yes, sir."

While the attack was taking place, the lights of an automobile appeared and someone said, "Police," and they all ran.

While testifying, the prosecutrix's sister and her date, who were first accosted by the six young men in the park, identified the appellant as one of the six. The prosecutrix, while testifying, identified the appellant as one of the six men present and taking part in the attack. She further testified that one of them had some hair on his face and chin. Two officers testified that the appellant was the only one of the six arrested who had sideburns and hair underneath his chin. The testimony further reveals the appellant had dried grass in his hair, and also dried grass underneath the waistband of the shorts he was wearing when arrested.

The court charged upon the law of principals in submitting the case to the jury.

■ The evidence is sufficient to support the conviction.

The refusal of the court to charge upon the law applicable to circumstantial evidence is urged as a ground of error.

■ In view of the admission of the appellant while testifying in his own behalf that he was present when the prosecutrix's sister and her date were first accosted and later when the prosecutrix was lying upon her back on the ground, and the summary of the state's testimony as above shown, the refusal of the court to charge upon circumstantial evidence was not error.

■ Another ground urged as error is that the court refused to charge on the theory of independent impulse.

Testifying in his own behalf, the appellant admits that while he and his five companions were in the park one of them suggested that they charge a couple they

saw there a dollar for the use of the park and when they asked for a dollar a fight ensued; that after the fight he discovered that two or three of. the boys had pushed a girl down and he went to them, and when he saw what they were doing he told them to, " 'Come on; we haven't got no business doing anything like this,' and I turned around and said, 'I'm going to leave,' and so I turned around and left."

In submitting appellant's defense, the court charged the jury as follows:

"The defendant has testified that if there was any offense committed upon the person of _____ (prosecutrix) that he did not agree to the commission of the offense and that he had no intent to participate in any such unlawful act, if any, and that he did not participate in any way in the furtherance of the purpose and design of the others who were engaged in any offense, if any was performed, and never agreed to the commission of any such offense, if any, and if you so believe or if you have a reasonable doubt thereof, you will acquit the defendant."

The court's charge fairly and adequately submitted the defense as raised by the evidence. No error is perceived.

Appellant contends that reversible error was committed when counsel for the state argued as follows:

"One more point about his story, you know, policeman after policeman after policeman testified today, and not once— not once did the attorney for Bobby Williams ask those policemen, 'Well, now, did Mr. Williams tell you that he tried to stop it?' Now, wouldn't it be incumbent upon him to do that; wouldn't it be necessary if it happened, if a man participates in such a horrible crime as this rape and this beating and he honestly endeavored to try to stop it—"

Appellant's counsel stated:

"Object, if the Court please, and move for a mistrial to that line of argument."

The court sustained the objection and overruled the motion for mistrial. After argument by appellant's counsel and closing argument by the other prosecutor in the case the court, at the appellant's request, instructed the jury not to consider the complained of portion of the argument.

In light of the objection and motion for mistrial which gave no reason and stated no ground, the court's prompt action sustaining the objection, and the court's instruction later to the jury to disregard such argument, no reversible error is shown.

The judgment is affirmed.

DOUGLAS, J., not participating.