442 S.W.2d 395 (1969)
Gussie WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 42129.
Court of Criminal Appeals of Texas.
June 4, 1969.
*396 Francis L. Williams, Houston, for appellant.
Carol S. Vance, Dist. Atty., James C. Brough and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION
MORRISON, Judge.
The offense is burglary; the punishment, five years.
The State's version of the events on the night in question was as follows: an observant citizen saw an unknown man, standing in front of an open garage door at 1:00 A.M. His suspicion aroused, he called the police to investigate. Some five minutes prior to the arrival of the police, the man, together with other persons, departed in a pick-up truck, easily identifiable because of its black color with a white stripe, its loud mufflers, and its Georgia license plates. After describing the events and the pickup to the police, and stating that he had seen the same pick-up "circling" the area of the garage earlier in the evening, he noticed the pick-up returning to the scene. He pointed the same out to the police who gave chase, and arrested the occupants, appellant being one of the three persons found in the truck. An investigation showed that the garage door had been pried, a tool chest, tools and four tires had been removed, all of which were later found at the home of a co-indictee's father.
Appellant's version was that he dropped his co-indictee off at the garage, that the co-indictee removed the tires and tools and placed them in the pick-up and later threw them off at his father's home, and that appellant had no intention of taking the tires or tools and did not break into or enter the garage. The co-indictee substantially corroborated appellant.
Appellant's first ground of error is that the evidence is insufficient to support the jury's verdict because of certain "inconsistencies" in the identification testimony of the eyewitness. The jury has the duty to resolve all inconsistencies and conflicts. Art. 38.04, Vernon's Ann.C.C.P. Their finding which resolves an inconsistency where, as here, supported by the evidence, will not be disturbed on appeal. Hasley v. State, 442 S.W.2d 739 (delivered May 21, 1969).
His second ground of error is that the jury's verdict is contrary to the evidence "in that the testimony of (appellant's co-indictee), voluntarily given, was clearly exculpatory and apparently disregarded". The court charged, without objection, on the law of principals, and the jury chose to disbelieve the co-indictee's and appellant's version of the events. The jury were authorized to conclude as this Court did in Mills v. State, 417 S.W.2d 69, as follows:
"We have concluded that the facts make appellant a principal under definition (1) set forth in Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046."
Finding no reversible error, the judgment of the trial court is affirmed.