George **PEREZ, Lorenzo Rocha, Eddie H. Guajardo and Manuel Guajardo,** Appellants,

v.

The **STATE of Texas,** Appellee.

No. 3-81-027-CR.

Court of Appeals of Texas, Austin.

Feb. 10, 1982.

Supplemental Opinion March 17, 1982.

Ronald P. Guyer, San Antonio, court-appointed, for appellants.

Royal Hart, Dist. Atty., Runnels County, San Angelo, for appellee.

PER CURIAM.

This is an appeal by four of five co-defendants jointly tried and convicted of the offense of burglary of a habitation with intent to commit a felony. Tex.Pen.Code Ann. § 30.02(a)(1) (1974). After a jury trial, the court assessed punishment at confinement in the Texas Department of Corrections as follows: George Perez, twenty-

five years; Lorenzo Rocha, fifteen years; Eddie H. Guajardo, ten years; and Manuel Guajardo, twenty-five years.

The record reflects that at approximately 10:30 p. m. on June 15, 1980, in Ballinger, Texas, shortly after a verbal altercation with a female relative of appellants, Abel Martinez was beaten and stabbed to death in the home of his parents. Appellants and their co-defendant, Manuel Martinez, were jointly indicted for, among other counts (including murder), burglary of a habitation with intent to commit aggravated assault. Appellants challenge the resulting convictions.

By the first ground of error, the appellants collectively contend that the trial court erred in the manner in which it charged the jury on the defensive issue of independent impulse. At trial appellants claimed it was the independent act and impulse of the fifth co-defendant, Manuel Martinez, which led to the stabbing and resulting death of Abel Martinez. In support of their contention, appellants argue that the instruction on independent impulse should have been limited to a consideration of whether Manuel Martinez *alone* committed an act of independent impulse.

As is relevant to a review of appellants' claim, preserved by specific objection in writing, with reference to each of the respective appellants the trial court instructed the jury as follows:

3. NOW THEREFORE, if you believe from the evidence beyond a reasonable doubt that the defendant, [naming a respective appellant], acting with the intent to promote or assist the commission of *the offense solicited,* encouraged, directed, aided or attempted to aid

[naming another appellant],

· [naming another appellant],

[naming another appellant],

Manuel Martinez,

or any one or more of them, to commit the offense charged, and that the same one or more of said named persons

*did in Runnels County on or about June* 15, 1980, knowingly and intentionally without the effective consent of RU-

DOLPHO MARTINEZ, the owner, enter a building, and that such building was then and there an enclosed structure intended for use and occupation as a habitation, and was then and there in actual use by said owner as a habitation, as that term has been defined, and that the same said one or more of said named persons, at the time of such entry, if any, had the intent then and there to commit a felony, to-wit: aggravated assault,

then you will find the defendant guilty of the offense of burglary of a habitation as alleged in paragraph five of the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty of burglary of a habitation as alleged in paragraph five of the indictment.

\* \* \* \* \* \*

5. It has been contended as a defense herein that if there was any offense of aggravated assault, as that term has been herein defined, if any, was [*sic*] committed upon the person of Abel Martinez, same was the result of an independent impulse of *another person or persons,* that the defendant did not agree to the commission of the offense of aggravated assault, if any, and that the defendant did not act with intent to participate in any such offense of aggravated assault, if any, and that the defendant did not participate, solicit, encourage, direct, aid or attempt to aid in any way in the furtherance of the purpose and design of *any other persons* who were engaged in such offense, if any was performed . . . [*emphasis added* ].

The trial court also charged the jury on the law of parties, burglary, aggravated assault, and the lesser-included offense of criminal trespass. Appellants do not challenge any part of the charge other than the phrases emphasized above.

In essence, appellants argue that based upon the evidence, the respective charges to the jury should have specifically named the

fifth co-defendant, Manuel Martinez, rather than "another person or persons" and "any other persons" as each reads. The State responds, "Since there was evidence that all five of the Defendants beat on Abel [Martinez], reference to 'another person or persons' was more designed to protect the rights of each Defendant than a specific name."

■ As a general rule it is correct that the content of a charge to the jury, among other requirements, must be supported in the evidence, *Booker v. State*, 523 S.W.2d 413, 415 (Tex.Cr.App.1975), thus suggesting that appellants were entitled to have their defensive theory presented to the jury with the same emphasis on one person, Manuel Martinez, as claimed in trial.[1] But this proposition is limited by the principle that a conviction will not be reversed because of an error in the jury charge which is beneficial to the accused. *Ex parte Green*, 548 S.W.2d 914, 917 (Tex.Cr.App.1977); *Green v. State*, 32 Tex.Cr.R. 298, 22 S.W. 1094, 1095 (1893). In our view, allowing the jury to consider, in connection with each appellant, whether the act of aggravated assault, if any, was the result of the independent impulse of *any* of the four other co-defendants, favored rather than harmed each of the appellants. The terms "another person or persons" and "any other persons" necessarily include Manuel Martinez, and while the challenged portion of each charge *may* otherwise allow the jury to go outside the evidence to acquit, we agree with the analysis stated by the Court of Criminal Appeals in *Johnson v. State*, 65 S.W. 1071, 1072 (Tex.Cr.App.1901):

> This charge simply authorized an acquittal . . . upon a state of facts that did not exist. If this charge had submitted a case upon an assumed state of facts which authorized a conviction, the rule would have been quite different; or, if

the facts assumed in this charge, although nonexistent, had led or contributed to the conviction of appellant, then there would be reversible error. But, as presented, we have been unable to see how this charge could have in any way been injurious to appellant.

Considering each of the court's respective charges to the jury as a whole, *Crocker v. State*, 573 S.W.2d 190, 207 (Tex.Cr.App. 1978), we are of the opinion that the defensive theory of appellants was adequately presented. Any error appearing as claimed was not calculated to injure the rights of appellants, or to cause the lack of a fair and impartial trial. Tex.Code Cr.P.Ann. art. 36.19 (1981).

The ground of error is overruled.

■ By the second ground of error, appellant Eddie Guajardo alone challenges the sufficiency of the evidence to sustain his conviction. More specifically, he contends there is not sufficient evidence of his participation in the assault upon Abel Martinez.

Viewing the evidence in the light most favorable to the verdict, *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Cr.App.1976), the record reflects that Eddie Guajardo, along with his four co-defendants, forcefully entered the home of Rudolpho Martinez, where Abel Martinez was beaten, kicked, and then stabbed to death. There is testimony that Eddie Guajardo joined his companions in kicking the victim. From the evidence the jury could have inferred that Eddie Guajardo intended by his conduct to promote or assist one or more of his co-defendants in causing serious bodily injury to the victim, and that his conduct had the intended effect. The jury could have further found that one or more of his co-defendants entered the home of the victim's father with the intent to commit aggravated assault. While there is evidence to the

1. The instant case is somewhat different from *Williams v. State*, 437 S.W.2d 853 (Tex.Cr.App. 1969), apparently relied upon by the trial court for the phrasing attacked. In *Williams,* however, a *single* defendant on trial claimed it was the independent impulse of *five* companions that produced the commission of the offense of

rape. On appeal, the court's charge referring to "*others* who were engaged in any offense. . ." was held to adequately submit the defense as raised by the evidence. See also *Edwards v. State*, 494 S.W.2d 566 (Tex.Cr.App. 1973).

contrary on the question of Eddie Guajardo's participation and intent, the jury apparently chose to disbelieve the exculpatory testimony, and resolved the question against him. *See Washington v. State*, 442 S.W.2d 395, 396 (Tex.Cr.App.1969); *see also Alexander v. State*, 31 Tex.Cr.R. 359, 20 S.W. 756 (1892).

We hold that the evidence is sufficient to support the jury's verdict. The ground of error is overruled.

The judgments of conviction are affirmed.

Affirmed.

### SUPPLEMENTAL OPINION

SHANNON, Justice.

On February 10, 1982, by per curiam opinion, this Court affirmed appellants' convictions for the offense of burglary of a habitation with intent to commit a felony. Tex.Pen.Code Ann. § 30.02(a)(1) (1974). Appellants have tendered for filing a motion for rehearing. The motion was received by the Clerk of this Court on February 26, 1982, by United States mail; the envelope containing the motion bears a postal-meter mark of February 25, 1982. The question presented is whether the motion was timely tendered for filing, and therefore entitled to our consideration.

We have concluded that it was not.

Under the provisions of Tex.Cr.App.R. 208(b)[1], appellants' motion for rehearing was required to be filed in this Court on or before February 25, 1982. In relevant part, the rule states that "any party desiring a rehearing must, within 15 days after the decision ..., present to the court a motion for rehearing."[2] Neither the Texas Code of Criminal Procedure, nor the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases, provides for an enlargement of time for filing when the postal service is used for delivery of instruments for filing.

In such a situation, however, we are directed by Tex.Cr.App.R. 211 to refer to the Texas Rules of Civil Procedure, which then "shall govern proceedings in the courts of appeals in criminal cases." Tex.R.Civ.P. 5, which relates to enlargement of time, provides in part:

> if a ... motion for rehearing ... is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail *one day or more before the last day for filing same*, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time; provided, however, that a legible *postmark affixed by the United States Postal Service* shall be prima facie evidence of the date of mailing. (*emphasis added*)

Inasmuch as the motion for rehearing was not posted in the mail at least one day prior to the date it was due to be filed in this Court, we hold that it was not timely tendered for filing. *See Smith v. Harris County-Houston Ship Chan. Nav. Dist.*, 160 Tex. 292, 329 S.W.2d 845 (1959).[3] Additionally, pursuant to Tex.R.Civ.P. 21c(1), there has been no motion for extension of time filed, "reasonably explaining" why the motion for rehearing could not have been submitted on time. No attempt has been made, therefore, to show "good cause" for a suspension of the time-limit for filing. Tex.Cr.App.R. 4.

---

1. The Texas Rules of Post Trial and Appellate Procedure in Criminal Cases (Tex.Cr.App.R.) are compiled under Tex.Code Cr.P.Ann. art. 44.33 (Supp.1981).

2. In computing the time, Tex.Cr.App.R. 7 provides, as does Tex.R.Civ.P. 4, that "the day of the act, event, or default after which the designated period of time begins to run is not to be included. *The last day of the period so computed is to be included*, unless it is a Saturday, Sunday, or legal holiday...."

3. In the context of *Smith*, as well as Tex.Cr.App.R. 7, we note that February 25, 1982, was a Thursday, and was not a legal holiday under the provisions of Tex.Rev.Civ.Stat. art. 4591 (Supp.1981). We also note that, given the phrase appearing in Tex.R.Civ.P. 5, "a legible postmark affixed by the United States Postal Service ...," even if appellant had tendered the motion in an envelope bearing a *postal-meter* mark of February 24, 1982 (one day earlier), he would not have satisfied the evidentiary requirements of the rule.

Accordingly, the Clerk of this Court is hereby directed to refuse to file the appellants' motion for rehearing. The date of final ruling in this cause, for purposes of Tex.Cr.App.R. 207(h); Tex.Code Cr.P.Ann. art. 42.04a (Supp.1981) and Tex.Cr.App.R. 209(b); and Tex.Cr.App.R. 304(b), shall be the date of delivery of this opinion.

PHILLIPS, Chief Justice, dissenting.

I dissent.

Although this may be a literal reading of the rules, the result is unduly harsh.

I would allow the motion for rehearing to be filed.