### RILEY WRIGHT v. THE STATE.

1. DYING DECLARATIONS are restricted to cases of homicide, where the death of the party making such declarations is the subject of investigation.

2. THREATS—ILL WILL.—Evidence of the conduct and language of the defendant, on trial for murder, previous to the killing, and which show or tend to show the state of mind of the accused, is admissible.

3. CHARGE OF COURT.—It is not error for the court to charge upon the identical evidence given on the trial, nor will a judgment of conviction be reversed for improper instructions given in favor of the defendant.

APPEAL from Newton. Tried below before the Hon. H. C. Pedigo.

It appeared from the testimony that on July 21, 1870, the deceased, Robinson, had a fight with one Simeon Gray, in which Gray was mortally wounded. Robinson fled to his house, where the sheriff of the county was boarding, and surrendered to the sheriff, claiming his protection. Robinson would have left town that night, but was prevented by the sheriff, who assured him of protection. About two hours after night, defendant with several others came to the house. Defendant abusing deceased,

the sheriff told deceased to run. Obeying the sheriff, Robinson tried to escape, but was fired on by defendant and instantly killed. The sheriff fled, and in his flight fired a gun, probably taking effect on the defendant, seriously wounding him. The party had gone to Robinson's with an informal warrant issued by a justice on the statement of Simeon Gray for the arrest of Robinson upon the charge of assault with intent to murder. S. H. Mathews, sr., had the warrant, and summoned the defendant and three others.

There was some conflict of evidence as to whose shot killed Robinson; and there was evidence showing that defendant's first shot was in the air, and to frighten deceased.

The defendant offered to prove the dying declarations of Seborn Gray, to the effect that Robinson had inflicted the wounds of which he (Seborn Gray) was about to die. This testimony was excluded.

The charge of the court objected to is sufficiently noticed in the opinion of the court.

Defendant was convicted, and his punishment fixed at twenty years in the penitentiary.

*Miller & Dowell* and *H. G. Starke*, for appellant.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The appellant was tried at the August term, 1873, of the District Court of Newton county, on an indictment for the murder of George W. Robinson, alleged to have been committed on July 20, 1870. He was found guilty of murder in the second degree, and his punishment fixed at twenty years in the penitentiary.

The exclusion by the court of the dying declarations of one Simeon Gray was excepted to at the time, and is now urged as erroneous. Counsel for appellant have referred us to no authority for the admission of such declarations,

except in cases of homicide, where the death of deceased is the subject of the charge. (1 Greenl. Ev., § 156; 1 Whart. Cr. Law, sec. 675; Stark. on Ev., 32.) The evidence was correctly excluded.

The admission of evidence of the conduct and language of the prisoner, some weeks previous to the killing, tending to show ill feeling and evil designs on his part toward deceased, is also urged as error. There is no bill of exception, showing that this evidence was objected to at the time it was admitted. But if the objection had been made at the time, we do not think it should have been sustained. Former menaces or grudges are admissible, not as matters of aggravation, but as facts, from which the state of mind at the time of the killing may be inferred. (1 Whart. Cr. Law, secs. 635–639; McCoy *v.* The State, 25 Tex., 41.)

We see no evidence in the record showing, or tending to show, any act of deceased endangering defendant, and justifying the defendant in killing him, on the ground that he was acting in self-defense. The evidence for the prosecution is to the effect that deceased was killed whilst endeavoring, in obedience to the order of the sheriff, to get out of the way of defendant. There is nothing in the evidence for the defendant that contradicts this. The defense, as developed in evidence, really rested on two propositions. 1st. That the accused did not do the killing. 2d. That if he did, it was accidental. We think, therefore, the court properly refused to charge on the law of self-defense.

It is urged that the charge is on the weight of evidence, and in fact, on a summing up of the evidence. That portion specially objected to is, in substance, that if the deceased was in custody of the sheriff, and was told by the sheriff to run, and did run, and "thereafter the defendant did conceive a purpose to kill said Robinson, and did, in pursuance of such purpose to kill, then and there shoot and kill the said Robinson, they will in that case find the defendant guilty of murder in the second degree."

In the very next paragraph the jury are told to acquit the prisoner if the killing was accidental. The jury were left to pass upon the facts, but were told that certain facts would make the defendant guilty of murder in the second degree, unless the killing were accidental. We think the charge properly presented the law of the case. It was evidently formed, with reference to the fact that defendant was entitled to the benefit of the illegal warrant, to assist in the execution of which he had been summoned, to reduce the degree of the offense. The objection, however, that the killing, upon the facts stated in the charge, would have been murder in the first degree, and not murder in the second degree, did not operate to the injury of defendant, and cannot be set up by him.

The motion for new trial shows no diligence, or legal excuse for the want of diligence, in regard to the newly-discovered testimony. Our examination of the evidence does not lead to any doubt as to the true facts of the case, or their sufficiency to support the verdict.

The judgment affirmed.

AFFIRMED.