### George McAdams v. The State.

#### No. 3374. Decided January 13, 1915.

**1.—Theft—Misdemeanor—Description of Money—Information.**

Where, upon trial of petty theft, the complaint and information alleged among other necessary allegations that defendant did unlawfully and fraudulently take from the possession of the party injured certain money, the exact description and value of which is to affiant unknown, but of the value exceeding one dollar, the same was sufficient in describing the property and also sufficient to allege a misdemeanor, and not a felony. Following Green v. State, 28 Texas Crim. App., 493, and other cases. Davidson, Judge, dissenting.

**2.—Same—Information—Value Alleged—Misdemeanor.**

Where the information alleged that the exact value of the property alleged to have been stolen is unknown, but exceeds one dollar, this showed that it was not a felony, and was correctly prosecuted by information in the County Court. Davidson, Judge, dissenting.

**3.—Same—Statement of Fact.**

Where the alleged statement of fact was not filed within twenty days after the adjournment of the County Court, the same will be struck out from the record on motion of the State.

Appeal from the County Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of petit theft; penalty, a fine of $25 and one day confinement in the county jail.

The opinion states the case.

*Lyles & Lyles,* for appellant.—On question of insufficiency and description of money: Thompson v. State, 35 Texas Crim. Rep., 511.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of sufficiency of description of money: Cochran v. State, 26 Texas, 678; Albrecht v. State, 8 Texas Crim. App., 313; Hamilton v. State, 26 id., 206, and cases cited in opinion.

PRENDERGAST, Presiding Judge.—Appellant was convicted of petty theft and his punishment assessed at a fine of $25 and one day in jail.

The complaint and information alleged that appellant, with other necessary allegations, did unlawfully and fraudulently take from the possession of Carrie Wyatt "certain money, the exact description and value of which is to affiant unknown, but of the value exceeding one dollar."

Appellant moved to quash said pleadings "because the description of the money is vague and uncertain and fails to inform him what he is called upon to answer, and the complaint does not charge that the money alleged to have been stolen was coins of the United States, or that the said stolen money was current as money of the United States, or any other country."

The statute (art. 1329, P. C.) defines theft as the fraudulent taking of corporeal personal property belonging to another, etc. It says (art. 1337), property in relation to the crime of theft includes money. The Code originally prescribed (art. 458), that when it becomes necessary to describe property of any kind in an indictment or information, a general description of the same, by name, kind, etc., if known, shall be sufficient.

Under the earlier decisions of the Supreme and of this court, it was held that the pleading was insufficient if it merely alleged the theft of money and required that some description thereof was necessary. For the very purpose of avoiding the effect of these decisions, the Legislature enacted, among others, article 468, Code of Criminal Procedure, which says in indictments or informations for theft of any coin or paper, current as money, it shall be sufficient to describe the property in general terms as "money" of or about a certain amount. Since then, while the decisions have not always marked this additional provision, they are to the effect that it is only necessary in indictments or informations for thefts of money, to allege that the property stolen was money. Green v. State, 28 Texas Crim. App., 493; Taylor v. State, 29 Texas Crim. App., 466; Wofford v. State, 29 Texas Crim. App., 536, and many other decisions. See also Sims v. State, 64 Texas Crim. Rep., 435, and Ferrell v. State, 68 Texas Crim. Rep., 487, 152 S. W. Rep., 901, and cases cited and reviewed in those decisions. We said in Sims v. State, supra: "It has many times been held, and may be stated to be the law of this State, that in this character of case an allegation that the stolen property was 'money,' is held to mean money of the United States. Kirk v. State, 35 Texas Crim. Rep., 224; Menear v. State, 30 Texas Crim. App., 475; Burries v. State, 36 Texas Crim. Rep., 13. And that the court will take judicial knowledge of the value of United States money. Gibson v. State, 100 S. W. Rep., 776; Sowles v. State, 52 Texas Crim. Rep., 17; Nelson v. State, 35 Texas Crim. Rep., 205, and Menear v. State, supra."

In our opinion the pleading describing the money in this case was sufficient and the lower court correctly overruled appellant's motion to quash.

For the first time appellant, in his brief in this court only, contends that the said pleading is insufficient in that the alleged value of the stolen money shown in the quotation above, that the exact value is unknown but "exceeding one dollar" does not show it is not a felony. Appellant thereupon contends that the pleading does not exclude that it is a felony because the stolen money might equal or exceed the value of fifty dollars. We think that by no reasonable construction of the language could it be contended that the pleading in this case charges a felony. In order to charge a felony it would have been necessary for the pleading to allege that the money stolen was of the value of fifty dollars or over. The language used, we think, could not be so construed to mislead, and evidently it did not mislead appellant because he made no such objection in the court below and for the first time, only, makes the point by his brief filed in this court. Evidently he understood, as we do, that the language used indicated sufficiently, clearly and distinctly that, while the amount and value of the stolen money was not exactly known, yet the language used would indicate that its value was of about, but a little more than, one dollar, and in no event as much as fifty dollars.

This case was tried at the October term of the court, which adjourned October 24, 1914. What purports to be a statement of facts herein was not filed until December 3, 1914, more than twenty days after adjournment. The Assistant Attorney General's motion to strike out and not consider the purported statement of facts because filed too late is, therefore, well taken, and it is struck out. In the absence of a statement of facts no other question is raised which we can review.

The judgment is therefore affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—Appellant was convicted of misdemeanor theft under an information charging him with the "theft of certain money, the exact description and value of which is to affiant unknown, but of the value exceeding one dollar." Theft is of two grades: If the value of the property is fifty dollars or above, it is felonious; if under that amount it is a misdemeanor. This information charges him with the theft of property exceeding one dollar in value. The excess of the value above one dollar is not stated, and no reason given why it is not stated. A value in excess of one dollar may have gone far in excess of fifty dollars, or it may have been less than fifty dollars. This information or complaint does not undertake to say whether it is a felony or misdemeanor. It is too uncertain in the face of the statute which draws the line of demarkation, as the statute of theft does as to value. The appellant should have been notified by the complaint and pleadings against him that he was to answer for a felony or a misdemeanor. The reasoning in the opinion affirming this case does not meet legal requirements. Of course, the defendant knew he committed the theft of the property that he obtained if he committed

the theft; he would know that, whether he was charged with it or not. It is absolutely essential in the indictment or information or complaint to charge the party with the offense for which the conviction will be sought. The pleadings in this case charge theft generally without specifying whether it is a felony or a misdemeanor. The allegations, where the life or liberty of a citizen is desired at the hands of a criminal prosecution, must be specific and charge the offense for which the conviction is sought. This court nor the trial court would have any right to supply the amount or value of the property. The pleadings must do this. This was not done, and, in my judgment, the pleading is wholly insufficient. I therefore most respectfully enter my dissent.