## Will Terrell v. The State.

### No. 3462. Decided March 10, 1915.

### Rehearing denied April 7, 1915.

**1.—Robbery—Description of Money—Variance.**

Where, upon trial of robbery, the description of the money contained in the indictment was correct and supported by the proof, there was no variance, although the indictment stated that a better description of the money as contained in the indictment was unknown to the grand jury. Following Ferrell v. State, 68 Texas Crim. Rep., 487, and other cases.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of robbery, the evidence did not raise the issue that the case rested on circumstantial evidence alone, the court should not have charged thereon. However, the charge submitted being favorable to the defendant, there was no error.

**3.—Same—Practice—Objections to Charge.**

Objections to the charge of the court must be made at the time of the trial; otherwise, they can not be considered on appeal.

**4.—Same—Circumstantial Evidence—Identification of Defendant.**

Where, upon trial of robbery, the State's witness, in his direct examination, swore positively that he knew and identified the defendant as the person who committed the robbery, the court's failure to charge on circumstantial evidence would not have been reversible error, although the other testimony was largely circumstantial, as the case did not depend solely upon circumstantial

evidence. However, the court instructed on circumstantial evidence in a manner favorable to defendant, and he could, therefore, not complain that the charge was on the weight of the evidence.

### 5.—Same—Statutes Construed—Weight of Evidence—Practice.

While former decisions of this court in some instances held that a charge upon the weight of the evidence was reversible error, although it enured to the benefit of the accused, this is not now the rule under articles 735, 736 and 743, Code Criminal Procedure, and a judgment will not be reversed for improper instructions which are favorable to the defendant. Following Green v. State, 32 Texas Crim. Rep., 298, and other cases.

### 6.—Same—Evidence—Argument of Counsel.

Where defendant's mother testified to an alibi and identified the transaction by the presence of another witness, and upon cross-examination admitted that no effort had been made to subpoena said witness, there was no error in excluding an application for process, which did not identify the witness, and permitting State's counsel to call the attention of the jury to the fact that said witness had not been procured to corroborate defendant's mother's testimony.

### 7.—Same—Charge of Court—Weight of Evidence—Statutes Construed.

Where defendant claimed that the court, under article 735, Code Criminal Procedure, had charged on the weight of the evidence in submitting a charge on circumstantial evidence and that the same constituted reversible error, even if it enured to the benefit of the defendant, and cited various decisions of this court. Held, that under article 743, Code Criminal Procedure, the· rule formerly obtaining as to the reversal of cases has been so changed that whenever articles 735 and 736, Code Criminal Procedure, have been disregarded, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of the defendant or that he has not had a fair and impartial trial. Distinguishing Stephens v. State, 10 Texas Crim. App., 120; Owens v. State, 39 Texas Crim. Rep., 391, and other cases.

### 8.—Same—Charge of Court—Entire Charge Must Be Considered.

It is elementary now that the whole charge of the court must be considered on appeal when any particular paragraph of it is attacked in the lower court. Following Christian v. State, 71 Texas Crim. Rep., 566.

### 9.—Same—Charge of Court—Circumstantial Evidence—Harmless Error.

Where, upon trial of robbery, the evidence was not wholly circumstantial and no charge of the court was required thereon, but the court, nevertheless, charged the jury that if they believed from the evidence that if the prosecuting witness did not see defendant on the inside of the house at the time of the commission of the alleged offense as testified to by said witness or if they had a reasonable doubt of it, then they were charged that the State would rely and depend wholly upon circumstantial evidence to convict the defendant, and, thereupon, proceeded to give them a correct charge on circumstantial evidence, the defendant could not complain that this charge was on the weight of the evidence, because, if it was, then it enured to the benefit of the defendant, and there was no reversible error under article 743, Code Criminal Procedure.

Appeal from the District Court of Kinney. Tried below before the Hon. W. C. Douglas.

Appeal from a conviction ˚of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Jones & Thurmond,* for appellant.—On question of court's charge

on circumstantial evidence, as being on the weight of the evidence: Owens v. State, 39 Texas Crim. Rep., 391; Stephens v. State, 10 Texas Crim. App., 120; Dobbs v. State, 51 Texas Crim. Rep., 113, 100 S. W. Rep., 947; Milrainey v. State, 33 Texas Crim. Rep., 577; Renner v. State, 43 id., 347; Meuly v. State, 31 id., 155.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of variance as to description of money: Michie Crim. Digest, vol. 4, p. 355; Dunham v. State, 9 Texas Crim. App., 330; Blain v. State, 34 Texas Crim. Rep., 448; Kelley v. State, 34 id., 412; Wade v. State, 35 id., 170.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for the robbery of William Van Buren of money, and his punishment assessed at ten years in the penitentiary.

The indictment describes the money as follows: "Seventy dollars in gold, current money of the United States of America, of the value of seventy dollars; one hundred and sixty dollars in bank notes, current money of the United States of America, of the value of one hundred and sixty dollars, a better description of the money being to the grand jury unknown."

On the trial of the case said Van Buren gave a full description of both the gold and the bank notes, telling the denominations of the gold pieces and of the bank notes; and because of this, appellant claims there is a fatal variance between the allegations and proof. Under the statute and many decisions of this court, the money as described was amply sufficient. Arts. 458 and 468, C. C. P.; Ferrell v. State, 68 Texas Crim. Rep., 487, 152 S. W. Rep., 901; Sims v. State, 64 Texas Crim. Rep., 435; McAdams v. State, 172 S. W. Rep., 792, and cases cited in these.

The evidence was ample to show and justified the jury to believe beyond a reasonable doubt that said Van Buren, the alleged robbed party, lived alone and had for several years in a one-room hut at the outer edge of the town of Brackett about a half mile from the town, or hotel of appellant's mother in said town; that in some way in the course of a number of years he had accumulated several hundred dollars in money, which he carried in two purses on his person,—in one was gold, in the other currency. Van Buren and appellant had both lived in Brackett for some twelve or fifteen years. Van Buren was a white man about seventy years old, having in his younger days been a soldier. Appellant was a negro man who worked for his mother in the hotel she ran. Van Buren had known appellant for all these years and ever since he was a boy. On the evening of June 14, 1913, before the alleged robbery that night, Van Buren and appellant were in the saloon of Mr. Rivers in Brackett. Van Buren had, shortly prior thereto, ordered a pair of pants and they had been sent to Rivers, the saloonkeeper, for him. While in the saloon on this occasion Rivers told him that his pants had come, and to look at them, which Van Buren did,

was pleased with them and proposed to pay for them. Rivers informed him that the pants cost $4.50. Van Buren told him he didn't have the change but gave him a government check from the paymaster for $45, out of which Rivers took the $4.50 and delivered to Van Buren at the time $40 in gold in change,—four $10 gold pieces, which he placed in the purse where he carried his gold. As stated, appellant was in the room at the time and doubtless saw and heard all this. Van Buren, after returning to his shack, removed his clout in the pockets of which he kept his said money, threw it under his bunk and proceeded to prepare and eat his supper. After eating, just before night, while sitting in his yard at his door, he swore, appellant came up to him, accompanied by another negro man, whom he did not recognize at the time; that he did recognize appellant; that appellant asked him for a match and he handed him a match. Appellant at the time had a "big stick, a big long stick, looks like a paling." That after the robbery Van Buren found this stick in his house and he identified it and it was introduced in evidence on the trial; that as soon as he got the match he and his companion left, going in the direction of another house; that appellant, in some minutes thereafter, returned to Van Buren's and asked him where a certain Mexican lived. Van Buren pointed out the Mexican's house to him and gave him directions as to how to get there; appellant then again left him. It seems he returned a second time and told him that the Mexican for whom he inquired was not at home, and Van Buren told him that he thought the Mexican was in town at a show or circus; that appellant again left him; that after waiting around some time and attending to a call of nature, he prepared to go to bed; that as he was at his door in the act or intending to go in, he was grabbed by someone who was within his shack, jerked into his shack, knocked down, the door closed, when some large man got on top of him, jerked a blanket off of his bed and threw it over his head and face and held him down; that there was no light in the room and with the door closed it was quite dark; that at the time he was dragged in and knocked down, while he knew there were two persons, he did not know who either was; that while being held down by one of them, the other struck a match and attempted to light his lantern; that by the light of the match he saw and recognized the party with the match and lantern as Sam Jefferson, and that while the match was lighted he managed to get the blanket from over his eyes so that he could see and did see that the man who was on him holding him down was the appellant. That Jefferson then procured the clout, took both purses of his money and that the two then fled; that the blow which felled him stunned him; that as soon as they turned him loose and he could he got up, attempted to get his gun and find the parties; that he couldn't find his gun; that it turned out that they had also taken the gun, he finding the stock thereof in his yard the next morning and the barrels in the chaparral near the house; that the parties went out the door on one side and in attempting to pursue them, he ran out the other and that

while he could hear them running and getting away, he could not apprehend him; that as soon as he got up he got his clout where they had thrown it on the floor and saw that they had robbed him of all his money which, as stated, was about $70 in gold and the other in currency. The exact time of this alleged robbery was not fixed, though Van Buren testified, as we understand, that it was about or after 9 o'clock at night.

In the trial appellant insisted that the court should give a charge on circumstantial evidence and asked such special charge in writing,— his No. 3. It starts out with this statement: "You are instructed that in this case the State relies for a conviction on circumstantial evidence alone," and then proceeds with such charge as is usually given when circumstantial evidence alone is relied upon. Instead of giving such charge as appellant requested and urged should be given, the court, in paragraph 10, charged the jury as follows:

"10. If you believe from the evidence that the witness William Van Buren did not see defendant, Will Terrell, on the inside of his (Van Buren's) house at the time of the commission of the alleged offense, as testified to by said Van Buren, or if you have a reasonable doubt thereof, then you are charged that the State would rely and depend wholly upon circumstantial evidence to convict the defendant, and in this connection you are charged." He then followed this with paragraph 11, which would have been a correct charge if circumstantial evidence alone had been introduced and the State had relied on that alone.

In addition to excepting to the court's refusal to give his charge on circumstantial evidence, appellant excepted to that which the court did give, as follows:

"Defendant objects to that portion of paragraphs 10 and 11 of said charge wherein the court instructs the jury that the case of the State would depend upon circumstantial evidence alone only in the event that the jury believe from the evidence that William Van Buren did not see defendant, Will Terrell, on the inside of his, Van Buren's, house at the time of the commission of the alleged offense, whereas the court should charge upon circumstantial evidence as is requested in defendant's special charge No. 3, and because said charge as framed is upon the weight of the evidence."

Under the statute as it now is, this court, as well as the appellant, is bound by the objections made in the lower court at the time of the trial. Any additional objections that may be made in this or the lower court after the trial, can not be considered. So that we consider and pass upon the said objections made at the time.

There is and can be no doubt but that Van Buren, the State's witness, in his direct examination, swore positively and unequivocally that he saw, knew and identified appellant as the person who was in his house at the time he was robbed and was on him and held him down while appellant's companion proceeded to actually get his money. He not only swore that, as stated, in his direct examination, but in his

cross-examination of him, appellant had him to state again and again specifically, as in one instance, "it is true that I testified on direct examination that Bill Terrell (appellant) was the man that held me down. Q. And that you saw him by the match? Yes, I found out that he was the man that held me down, yes, sir." And at another time, in his cross-examination, he had him state: "I made the statement that there was a heavy portly man sitting on top of me; I didn't know who he was till the light showed him up. . . . Certainly, yes, I recognized him then." The appellant put said witness through a very lengthy, searching and severe cross-examination, seeking by that, as contended by appellant, to break down and discredit what he had so positively testified on direct examination; and to convince the jury and trial judge of the said witness' "willingness to swear to his beliefs and theories, vagaries and imaginations as positive facts,—not perhaps from a design to falsely testify, but because of the tendency of such minds to conceive as true that which is a mere impression or pure imagination." As a part of said cross-examination he would ask him over and over again if he did not testify on the examining trial, just a few days after the alleged robbery, to certain things which would tend to show that the witness did not identify the appellant at the time as one of the robbers, and in impeachment of him, introduced the said several statements by appellant in his testimony on the examining trial. All this had more or less tendency to impair the said positive unequivocal testimony of Van Buren in his direct examination positively identifying appellant as the person who helped to rob him and who, he said, held him down while the other man got his money. Yet, there can be no sort of doubt but that, taking all of the testimony, both direct and cross, the State's case did not depend solely upon circumstantial evidence and in our opinion no charge on circumstantial evidence should have been given. The trial judge ought to have refused outright appellant's charge on that subject and should have given none himself. But should have submitted the case on this question on the theory of positive and not circumstantial evidence. It is evident to us from the court's charge, and from this whole record, that the trial judge endeavored his utmost to be fair to the appellant and to give him the advantage of everything in his favor that he possibly could. Hence, he gave said charge on circumstantial evidence preceded by said paragraph 10. We think there can be no question but that a charge on circumstantial evidence was in appellant's favor and not against him. We also think that the said paragraph 10 was also in his favor and not against him. What the court said in said paragraph 10, we think can not be construed as on the weight of the evidence, but if so, it was on the weight in favor of appellant and not against him. As stated, there can be no shadow of doubt from this record but that said Van Buren, on his direct examination, did testify positively and unequivocally that appellant was on the inside of his house at the time he was robbed and the whole drift of said cross-examination of him was to break him

down on that point. So that the court in said paragraph 10 tells the jury "if you believe" (but did not tell them "if you believe beyond a reasonable doubt") from the evidence that said Van Buren did not see appellant on the inside of his house at the time of the alleged robbery, "or if you have a reasonable doubt of it, then you are charged that the State would rely and depend wholly upon circumstantial evidence." In every way by this charge, charging in appellant's favor, the court left the whole question to the jury and did not charge on the weight of the evidence against appellant, but if at all, in his favor.

Such being the case, then what is the law applicable thereto? We think the law is settled against appellant as shown by Judge White in section 807 of his Ann. C. C. P., which we quote as follows:

"Though there are decisions of this court holding that an erroneous charge which inures to the benefit of the accused, if excepted to, constitutes reversible error, a proper construction of articles 715, 716 and 723 (now articles 735, 736 and 743 by the Act of April 5, 1913, page 278) does not warrant such conclusion where the error excepted to is harmless or beneficial to the defendant. (The contrary doctrine in Surrell v. State, 29 Texas Crim. App., 321; White v. State, 28 Texas Crim. App., 71; Jenkins v. State, 28 Texas Crim. App., 86, and Habel v. State, 28 Texas Crim. App., 71, disapproved.) Green v. State, 32 Texas Crim. Rep., 298. A judgment of conviction will not be reversed for improper instructions given in favor of defendant. Wright v. State, 41 Texas, 246. On a trial for murder, where the evidence establishes murder in the first degree, defendant can not be heard to complain that the court gave him a charge upon murder in the second degree. Briscoe v. State, 37 Texas Crim. Rep., 464. A defendant who has been convicted of manslaughter can not claim any possible injury from a charge on mutual combat, even if such charge be not required by the evidence, and a charge upon imperfect self-defense, though it may not have been called for the evidence, can do no possible harm where there is no self-defense in the case. Gonzales v. State, 35 Texas Crim. Rep., 33. A specific portion of the charge of the court may be erroneous, but when it is more favorable to the accused than he was entitled to upon the particular questions indicated the accused has no grounds to complain. Wilkins v. State, 35 Texas Crim. Rep., 525; Scruggs v. State, 35 Texas Crim. Rep., 622; Delgado v. State, 34 Texas Crim. Rep., 157; English v. State, 34 Texas Crim. Rep., 190; Daud v. State, 34 Texas Crim. Rep., 460; Loggins v. State, 32 Texas Crim. Rep., 364; Lujano v. State, 32 Texas Crim. Rep., 414; Boren v. State, 32 Texas Crim. Rep., 637; Green v. State, 32 Texas Crim. Rep., 298; Kelley v. State, 31 Texas Crim. Rep., 216; Sutton v. State, 31 Texas Crim. Rep., 297; Massey v. State, 31 Texas Crim. Rep., 371; Wolfforth v. State, 31 Texas Crim. Rep., 387; Gonzales v. State, 31 Texas Crim. Rep., 508; Weathersby v. State, 29 Texas Crim. App., 278; Surrell v. State, 29 Texas Crim. App., 321; Hawthorne v. State, 28 Texas Crim. App., 212; Walker v. State, 28 Texas Crim. App., 503; McCleavland v. State, 24 Texas Crim. App., 202; Carlisle v. State, 37 Texas Crim. Rep., 108."

In addition we cite Watson v. State, 28 Texas Crim. App., 34; Jones v. State, 63 Texas Crim. Rep., 394; Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101; Coker v. State, 71 Texas Crim. Rep., 504, 160 S. W. Rep., 366. It is needless to cite the many other cases to the same effect.

Appellant had some other objections to the court's charge. We have examined them all. It is needless to state them. We think none of his objections are tenable.

The only other matter necessary to notice is shown by appellant's tenth bill of exceptions. It is somewhat lengthy. We state the substance of it. It shows that his mother, Martha Terrell, upon direct examination, testified that on the night she afterwards learned the robbery charged in the indictment occurred, between 8 and 10 o'clock appellant was at her hotel in company with her on the gallery, and that while there a soldier applied to her for lodging; that she sent the appellant with him to show him a room across the street kept by her for her patrons; that upon cross-examination the district attorney asked her if she had made any effort to procure the attendance of this soldier as a witness for her son. She answered that she had not, that she did not know the name of the soldier. Thereupon, appellant offered in evidence an application made through his counsel for process to said county for one Corporal Stormer, describing him as a corporal and a member of gun platoon, Fourteenth Cavalry, United States Army, and his location at Fort Clark; and also the subpoena issued for said witness on November 5, 1913, together with the return thereon showing the witness not to have been served. (This trial occurred in November, 1914.) Upon the objections of the district attorney to said application and subpoena on the ground that there was nothing to identify the man from whom the process was issued as the soldier testified about by Martha Terrell, the court excluded them. That in the argument before the jury, the district attorney called attention to the fact as a circumstance that said soldier was not produced as a witness to corroborate the witness Terrell, appellant's mother, and that so far as the record showed no effort was made to procure the attendance of that soldier as a witness. Whereupon, appellant at the time again proposed to introduce in evidence said application and subpoena for said Corporal Stormer, which the court refused, to which appellant excepted. The court, in allowing this bill, did so with this qualification and explanation: "That I informed the defendant's counsel at the time that I would permit the introduction of said testimony if testimony should be offered that the said Stormer was, or was supposed to be the soldier who lodged at the Terrell Hotel on the night in question." Having accepted the bill with this qualification it shows no error. Surely, if Stormer was not said soldier or supposed to be, the fact that more than a year before this trial a subpoena had been issued for him and not served, would not have been admissible for any purpose, and the court correctly excluded it.

We have carefully considered the record in this case in connection

with appellant's able attorneys' oral argument and strong brief in this case, but we have reached the conclusion that there is no reversible error shown and, therefore, the judgment must be affirmed.

*Affirmed.*

## ON REHEARING.

### April 7, 1915.

PRENDERGAST, PRESIDING JUDGE.—Appellant presents but one question in his motion for rehearing. That is, he contends that paragraph 10 of the court's charge, quoted in the original opinion, is on the weight of the evidence, which entitles him to a reversal. He presents the question from his viewpoint in an unusually clear and forcible way.

Among other cases he cites Stephens v. State, 10 Texas Crim. App., 120; Owens v. State, 39 Texas Crim. Rep., 391, claiming the first is peculiarly parallel to this case. Besides these, he cites other cases on the general proposition that where a charge is upon the weight of the evidence, it is error.

We have carefully considered these cases and the question again and are still of the opinion that while said charge No. 10 should not have been given, giving it does not present reversible error.

At the time,—in 1881—when the Stephens case was decided, our statute (art. 735, C. C. P.) prescribed: . . . "The judge shall deliver to the jury a written charge in which he shall distinctly set forth the law applicable to the case; but he shall not express any opinion as to the weight of the evidence. . . ."

Article 736 was: "It is beyond the province of a judge, . . . to discuss the facts or use any argument in a charge calculated to rouse the sympathy or excite the passion of a jury. It is his duty to state plainly the law of the case." Both of these articles, in the respects quoted, are precisely the same now as they were then.

Article 743 then was as follows: "Whenever it appears . . . that any of the requirements in the eight preceding articles have been disregarded, the judgment *shall be reversed;* provided, the error is excepted to at the time of the trial."

The language and substance of that article as it now is, is the reverse practically of what it then was, for it now is, that whenever either or both of said articles 735 and 736, "have been disregarded, the judgment *shall not be reversed,* unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant had not had a fair and impartial trial," and objection must also now be made at the time of the trial like the original article required.

So that as the statute stood when the Stephens case was decided, it said "the judgment *shall be reversed.*" It now says, it *"shall not be reversed,* unless," etc. At first, when the said article 743, as it was before 1897, this court in several cases (Surrell v. State, 29 Texas Crim.

App., 321; White v. State, 28 Texas Crim. App., 71; Jenkins v. State, 28 Texas Crim. App., 86, and Habel v. State, 28 Texas Crim. App., 71, and others) held that where said articles 735-736 or either had been disregarded if timely excepted to this court had to reverse, notwithstanding the disregarding of said articles by the judge's charge was harmless to appellant or in his favor. Soon after the amendment of said article 743, by the Act of March 12, 1897, was made, this court disapproved the doctrine held in said cases and specifically held in Green v. State, 32 Texas Crim. Rep., 298, that where said articles 735-736, or either, had been disregarded, but the error by the court was harmless, or inured to the benefit of the accused, although excepted to, no reversible error was presented. Since then this court has uniformly so held in many decisions unnecessary to collate. We cited and quoted Judge White on this subject in the original opinion.

The inhibition of article 735 is, the "judge shall not express any opinion as to the weight of the evidence." And by article 736 he is inhibited "to discuss the facts or use any argument in his charge calculated to rouse the sympathy or excite the passion of the jury." Appellant does not contend that the judge by giving charge No. 10, violated article 736, and he does not claim that the judge by that charge discussed the facts or used any argument in his charge calculated to rouse the sympathy or excite the passion of the jury. But he does claim that he violated article 735 in that he claims said charge "as framed, is upon the weight of the evidence." He did not "distinctly specify," as the statute requires, how or wherein it was "upon the weight of the evidence." Now then, what did he tell the jury by this charge? He told them: "If *you* believe (not that he believed or disbelieved) from the evidence that the witness William Van Buren did not see defendant on the inside of his, Van Buren's, house at the time of the commission of the alleged offense as testified to by said Van Buren, or if *you* have a reasonable doubt thereof, etc." By this charge he neither expressly nor by implication told the jury that he believed said Van Buren's testimony on this point. He left that exclusively for the jury. We think by no reasonable implication could the jury conclude that the judge believed Van Buren when he so testified. On the contrary, by implication the mere submission of the question to the jury would imply to them that he, the judge, *did not believe* Van Buren when he so testified. If the jury understood the judge to imply anything, it was that he, the judge, doubted the truthfulness of Van Buren's testimony on this point; otherwise he would not, in any contingency, have given them a charge on circumstantial evidence. Suppose he had said to the jury in express language: "*I* believe Van Buren is mistaken or testified falsely when he said appellant was in his house at the time he was robbed, but leave the question for *you* to decide." Clearly that would have been expressing his opinion of the testimony, but in *appellant's favor* and *not against him*. In effect that is what he did tell the jury. This would give the State cause to complain, but not appellant.

But let us consider the Stephens case, supra, which appellant claims is so directly in point in his favor. In that case the purported confessions were testified to by a witness whose character and reputation for truth and veracity were assailed by two witnesses and other facts; the judge charged:

"The confessions of the defendant are in evidence before you, and if in your best judgment you shall give no credit to the witness who professed to detail them, you will then look to the other testimony in the case and apply it to the rules relating to circumstantial testimony." If the judge in his charge had stopped there, Judge White doubtless would have held that no error was committed, but he did not stop there. He went further and said as a continuation of the question just above: "If you give credence to the witness who professed to detail the confessions, *you need not apply to the evidence those rules as to circumstantial testimony.*" It is this latter part which in that case resulted in reversal, Judge White stating specifically the reasons, as follows: "It was in effect, if not in fact, tantamount to telling the jury 'if you believe the testimony of the witness who has testified to defendant's' confession, then you will *not look to or consider the other evidence in the case.' This was, in the contingency mentioned, depriving the defendant of the benefit of any testimony offered by him, by requiring the jury not to look to or consider it.*"

In this case the court did not charge this latter part or anything like it, but instead: "If you believe from the evidence that the witness Van Buren did not see defendant, Will Terrell, on the inside of his (Van Buren's) house at the time of the commission of the alleged offense, as testified to by said Van Buren, or if you have a reasonable doubt of it, then you are charged that the State would rely and depend wholly upon circumstantial evidence to convict the defendant, and in this connection you are charged," then proceeded to give them a correct charge on circumstantial testimony. The judge in this case did not, as the judge in the Stephens case did, tell the jury that if they believed Van Buren they need not apply to the evidence the rules as to circumstantial testimony, which makes quite a different thing. If the judge in this case had told the jury as Judge White said was done in the Stephens case, "If you believe the testimony of Van Buren, when he testified he saw Will Terrell in his house, when he was robbed, then you will not look to nor consider the other evidence in the case," then this case would have been parallel to the Stephens case.

A careful analysis of the Owens case, supra, will show that there is an equally as marked difference between that and this case than we have shown exists between this and the Stephens case.

Besides, it is elementary that the whole charge is to be considered when any particular paragraph of it is attacked. (Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101.)

Now the judge in this case correctly told the jury the law of robbery, and required the jury "to believe from the evidence (which means all the evidence) beyond a reasonable doubt" every essential fact necessary

to show that appellant was guilty of the offense charged in this case before they were authorized to convict and only when they so believed this from all the evidence, could they convict him. In addition, he charged alibi in appellant's favor. Further, that the burden of proof was upon the State; that the defendant was presumed to be innocent until his guilt was established beyond a reasonable doubt, and in case "you have a reasonable doubt as to his guilt, you will acquit him," and further told them they were the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to their testimony. So that we still think charge No. 10 was not upon the weight of the evidence, but if so, that it was upon it in appellant's favor and not against him; and, further, that in no event does it present reversible error taken in connection with the whole charge of the court. The motion is overruled.

*Overruled.*